Tirghsjan C. J.
It is provided by the 3d section of the act, that when the-cause is submitted to referees, the justice shall enter judgment for the sum awarded, arid costs, “ which “judgment so obtained, when not exceeding twenty dollars, shall be final and conclusive on both plaintiff and defend- “ ant, without further appeal.” The plaintiff contends, that his case does not fall within this provision, because the award and judgment was not for any sum in his favour, but altogether against him. The case is not within the words of the law : but if we consider the intent, it will be difficult to say, why there should be no appeal if the plaintiff recovered but one cent: and yet he might appeal if judgment went against him. But suppbsing the appeal' not to be forbidden by this part of the law, it lies on the plaintiff to shew some Other part by which an appeal is given. The 3d section, so far as concerns appeals? is negative. It prohibits them, unless the judgment is for a sum exceeding twenty dollars. But the 4th section is positive, and declares in what cases there *464 shall be an appeal; that is to say, when the judgment given, on the award of referees shall exceed the sum of twenty dollars. Thus we see, that in both pafts of the act the intention is preserved of giving an appeal, only when the judgment on the award of referees shall exceed the sum of twenty dollars. Inasmuch then as there was not a judgment in the present case, for a sum exceeding twenty dollars, T am of opinion, that the plaintiff was not entitled to an appeal, and the Court of Common Pleas were right in dismissing it.
Yeates J. was sick and absent.
Gibson J. concurred.
Judgment affirmed.