## IN THE

# SUPREME COURT

### OF

# PENNSYLVANIA.

*Philadelphia.*

ɪBAZIRE *against* BARRY.

*Thursday,*
*December 11.*

THE plaintiff sued the defendant for trespass *quare clausum fregit*, and taking away money and goods. The case was arbitrated under the act of 20th *March*, 1810, and 250 dollars were awarded to the plaintiff. After the award was filed, the plaintiff filed a declaration laying the damages at more than 500 dollars.

*In trespass brought in the Supreme Court, no declaration was filed, and arbitrators awarded 250 dollars. Held, on proof being made that before the arbitrators the plaintiff's demand was for damages amounting to 13000 dollars, this Court had jurisdiction.*

*J. R. Ingersoll*, for the defendant, moved the Court to stay proceedings, on the ground that the matter in controversy did not amount to 500 dollars, and therefore the Court had not jurisdiction. He admitted that, in actions such as this, sounding in damages, if the amount of damages laid in the declaration exceeded 500 dollars, the Court has jurisdiction, as was decided in *Hancock* v. *Barton*, (1 *Sergeant & Rawle*, 269.) but contended that filing a declaration after the award was made, would not answer. It would be to give the plaintiff power to affirm, or disaffirm, the jurisdiction, at his pleasure : and the declaration must be treated as a nullity.

*Gordon* and *T. Sergeant*, for the plaintiff, answered that the plaintiff's demand, and the matter in controversy before

the arbitrators, far exceeded 500 dollars, and as a declaration was not necessary in a suit under arbitration, this was sufficient to vest the jurisdiction in this Court. They then called one of the arbitrators, who proved that the plaintiff's demand before them was for damages to the amount of 13,000 dollars, for unlawfully entering the store of the plaintiff, and taking away her money and goods.

TILGHMAN C. J. This is a question of jurisdiction. To give jurisdiction to this Court, the matter in controversy must amount to the value of 500 dollars. In actions of *tort* the damages laid in the declaration will be considered as determining the value of the matter in controversy. It was so decided by this Court, in *Hancock* v. *Barton.* But the plaintiff filed no declaration in this case ; nor was it necessary, because the action was submitted to arbitrators. If a declaration was not necessary, the plaintiff must not be injured by the omission of it. But how then, says the defendant, is the value to be ascertained? A very satisfactory answer has been given, by proving what the plaintiff's demand was, before the arbitrators. This has been done. One of the arbitrators has testified that the plaintiff exhibited accounts of money and goods alleged to have been taken from her by the defendant, amounting to 13,000 dollars. Parol evidence must be admitted in such cases, from necessity. Without it, there is no possibility of knowing what passed before the arbitrators. It is to be wished that the arbitration law was amended, so as to compel both plaintiff and defendant to exhibit a written statement of their claims. But until the legislature make this amendment, we must receive parol evidence in all cases where it is necessary to know what cause of action the plaintiff prosecuted, or what matter of discount was brought forward by the defendant. I am of opinion that the defendant's motion should be rejected.

GIBSON J. was absent.

DUNCAN J. expressed his concurrence with the opinion of the Chief Justice.

Motion rejected.