The opinion of the Court was delivered by
Duncan J.
The plaintiffs in this case brought an action in the nature of trover and conversion before Alderman Pettit for a certain quantity of hay valued by them at seventy-five dollars. The alderman rendered judgment against the plaintiff who appealed therefrom in due time, and the Court below struck off the appeal, as is admitted, on the ground, that no appeal lay on such judgment by the act of 22d March, 1814. To reverse this judgment and have the appeal reinstated, is the object of this writ of error.
There is some obscurity in the terms of this act, but when taken in connexion with the several acts giving jurisdiction to justices of the peace, it does appear to me to be the evident intention of the legislature to give a plaintiff whose demand of damages for the injury sustained, exceeds five dollars and thirty-three cents, and against whom judgment is rendered, the right of appeal. To this Court belongs the interpretation of all acts of assembly, and though they cannot, make laws, yet it is theire duty to give them a fair construction according to their spirit and meaning. The right to a trial .by a jury is a highly favoured right, and the Court will examine with eagles’ eyes every act which infringes it, and certainly will not take away this privilege, unless it be done in clear and explicit terms, leaving no room to doubt, that such was the intention of the legislature. There is no rule in the construction of statutes, of the inflexible nature contended for by the counsel for the defendant in error; that without relation to the other parts of the act, or the whole system of laws; without relation to the unjust and absurd consequences, that would flow from' a literal adherence; without relation to the clear scope and design of the act, Courts must adhere to the very words and letter of the law; for the letter of a statute will be enlarged'or diminished according to legal discretion, so as to embrace all the purposes designed by it. Even in the construction of penal statutes, the expression has been departed from in order to comply with the manifest spirit and interest of the law. The Commonwealth v. Messinger, 1 Binn. 277. Even tenderness to *74 criminals does not require such a construction of words, perhaps not absolutely clear, as would tend to destroy and evade the very end and intention of the statute. Rex v. Royce, 4 Burr. 2082, but penal sanctions are not to be extended by any equity beyond the letter.
The words of the act on which the defendant in error relies, are contained in the 2d and 3d sections. In the 2d section it is provided, that if both parties or their agents, shall not prefer a reference, the justice or alderman shall proceed to hear and determine, and if the sum adjudged does not exceed five dollars and thirty-three cents, the same shall be final and conclusive; and in the 3d section, that either party shall have the right of appealing to the Court of Common Pleas, where the judgment given by the justice or alderman alone shall exceed five dollars and thirty-three cents, and where the judgment given on the award of referees shall exceed twenty dollars.
The argument, as I comprehend it, is, that if the justice or alderman gives a judgment against the plaintiff in toto, who alleges the value of the property claimed in damages sustained by him to amount to one hundred dollars, he can have no appeal; but if the justice or alderman gives a judgment in his favour for ninety-nine dollars and ninety-nine cents, his appeal is permitted. That is, he may have redress by appeal, where by the judgment he admits he is injured only to the amount of one cent, yet if he complains of an injury to the extent of one hundred dollars, he is remediless. Respect for the legislature forbids me to entertain an opinion, that such was their real intention, and a careful examination of these sections satisfies my mind, that the expressions they have used, even if we adhere to the very words, do not necessarily carry this meaning. What is the case more or less than this ? The plaintiff brings a suit for goods of the value of seventy-five dollars. The judgment is given by the justice or alderman against him. The justice or alderman then gives a judgment exceeding five dollars and thirty-three cents. He gives a judgment against him for the amount which he claims. I will put a case in further illustration of this. Suppose the legislature to pass an act declaring, that no writ of error should lie to the Common Pleas unless where the judgment of the Court exceeded five hundred dollars. A plaintiff brings his action in the Common *75 Pleas ; states his demand at ten thousand dollars, on a contract. TJp his declaration the defendant demurs, and the Court give a judgment on the demurrer against him. Surely, that would be a judgment exceeding five hundred dollars, and I presume it could not be gravely contended, that a writ of error would not lie on such a judgment. The legislature intended, that the decisions of these expeditious tribunals should be final and conclusive where they do not adjudge a matter exceeding forty shillings, but grant an appeal where the thing adjudged exceeds - that amount, to the complainant, either plaintiff or defendant.
The 4th section directs, that appeals and every preliminary measure to carry the act into effect, not specially provided for by this act, shall be regulated by the act for the recovery of debts and demands not exceeding one hundred dollars. The mode of appeal, the recognisance to be given by the appellant, must be according to the provisions of that act. The nature of that recognisance by the plaintiff appellant is, that in case the judgment against him is affirmed, or in case he recovers a less sum, then he is to pay the costs of appeal. Now this satisfactorily proves, that a plaintiff against whom, a judgment is rendered, may appeal, and he may appeal if he goes for more than the Justice has rendered judgment in his favour for, and the recognisance under the acts of 1814 and 1810 must be in the same form, and the law provides for both cases.
The words of the act are not, where the judgment given for the plaintiff shall exceed five dollars and thirty-three cents; but whatever judgment may be given, which judgment whether given for plaintiff or defendant, shall exceed five dollars and thirty-three cents, either party may appeal. It is judgment rendered, not judgment to recover.
In common understanding and in legal signification, this judgment against the plaintiff to the amount of his whole claim, the sum here adjudged, did exceed five dollars and thirty-three cents ; I am, therefore, of opinion, that the judgment be reversed, and the appeal reinstated.
Judgment reversed.