The opinion of the Court was delivered by
Gibson J.
If the jurisdiction of the justice were compulsory and not the parties own choice, I would incline, as far as latitude of construction might go, to support the appeal. But the common objection of deprivation of trial by jury does not apply in this instance, and I, therefore, see no reason to suppose the legislature intended those. provisions of the one hundred dollar act, which give an appeal in cases within the limit of the justices’ compulsory jurisdiction, should also be applied to those in which he obtains jurisdiction by the assent of the parties. An appeal, as regards the latter, is certainly not expressly given; and this Court cannot supply that which the legislature has totally omitted, even though we should suppose the omission arose from an over- *191 sight. But I cannot think the legislature in fact intended there should be an appeal, or that there was any omission in the case. Why not as well give it in case of a voluntary reference to arbitrators ? I consider the justice acting under the 14th section of the arbitration law, rather in the light of an arbitrator having power to enforce his own award, than a magistrate. He has no jurisdiction but what is conferred on him by the assent of the parties ; and it is of the very nature of such jurisdiction to be final.
But it is said by the plaintiff in error, though no appeal be given by the act, yet it having been actually taken, and acquiesced in by the opposite party, who became an actor in the Common Pleas, that this in effect was the inception of an amicable action and a proceeding de novo. If this were admitted, the plaintiff would recover a double satisfaction; for the judgment of the justice would remain before him unremoved and in full force, whilst the plaintiff would also have the fruit of his judgment in the Common Pleas. But it would be a distortion of intention to construe an acquiescence in an appeal where none lay, to be an agreement to consider the matter as an amicable action ; and it is settled law, that the proceedings on appeal are not de novo; but the inception of the suit is still considered to have been before the justice, and the proceedings in the Common Pleas a continuation of its prosecution. In Moore v. Wait, 1 Binn. 219, the inception of. the suit could not be carried back to the proceedings before the justice; for, having exceeded his jurisdiction, the whole was a nullity, and of course there was nothing to remove or appeal from. The plaintiff who took the exception, had filed a declaration and prosecuted the suit to judgment; yet it was held, his previous assent to the proceedings would not support them, or preclude him from objecting. It is certain, that a general appearance and acquiescence will cure an irregularity in the manner of taking an appeal, but nothing will enable the Court to entertain it where jurisdiction of the appeal is not given by law. The judgment must be affirmed.
Judgment affirmed.