The opinion of the Court was delivered by
Gibson ]. —
The appeal was entered on the twenty-first day excluding that on which the award was filed, and, therefore, out of time ; but it is also clear, that the delay of more than two years before the motion to quash, was a waiver of *527 all objections that might originally have been made, on the ground of defects arising out of the mere omission of circumstances : such, for instance, as a defective acknowledgment of the recognisance of bail. But it is argued, that the judgment on the award having become absolute on the expiration of the twenty days, no right of appeal existed when the appeal was taken ; and consequently, that as in Morrison v. Weaver, 4 Serg. & Rawle, 190, no acquiescence by the appellee could give jurisdiction to the Common Pleas. But there is this plain difference between that case and the present. In Morrison v. Weaver, the Court had not a general jurisdiction of the subject matter, an appeal in any shape not having been originally given : here, there was a general jurisdiction, which would enable the Court.to entertain an appeal., All that was decided in Morrison v. Weaver was, that the acquiescence of the appellee did not amount to an agreement to consider the cause as an amicable action originating in the Common Pleas, and falling within the original jurisdiction of that Court, when it was evident the parties had not considered it so themselves ; and as to appellate jurisdiction, there was none. Here, however, the Common Pleas had appellate jurisdiction; and the expiration of the time for taking an appeal, furnished an objection which the appellee might waive. I can see no difference between an appeal taken out of season, and an appeal taken without having paid costs, made the requisite affidavit, or given the proper security; and any or all of these may be waived: yet they are conditions precedent, and an appeal without them, is as much a nullity, as if it'were entered after the expiration of the twenty days. In either case, the judgment would be declared absolute, if an objection were made in time.; but any one may dispense with provisions that were intended to operate in his own favour. It is ,clear, then, that the appellee was too late with his motion, and the judgment is affirmed.
Judgment affirmed.