The opinion of the court was delivered by
TilghmaN, C. J.
This action was Originally brought before a justice of the peace, by John Yost, the plaintiff in error. The cause of action stated by the plaintiff, as it appears on the docket of the justice, was “ a balance, of a booh debt, not exceeding one hundred dollars.” The cause was submitted to arbitrators, who awarded, “ that the plaintiff has no cause of action, and pay the costs of suit.” The plaintiff appealed to the Mayor’s Court of the city of Lancaster, in which the cause was tried; and he there eh- *387 tained a verdict and judgment for one hundred and eight dollars, and twenty-three- cents damages, and costs of suit.
The error assigned is, that the Mayor’s Court had no jurisdiction, because it was a case in which no appeal lay. By the act of the 20th of March, 1810, section 3, the judgment of the justice, “ when not exceeding twenty dollars, shall be final and conclusive on both plaintiff and defendant, without further appeal.” It cannot be said, that the judgment in this case exceeded the sum of twenty dollars. Literally, it was for no sum — it was altogether in favour of the defendant. But to give the act the most liberal construction, according to what may be supposed to be its spirit, the most that can be said, is, that where the plaintiff’s cause of action set out on the docket of the justice, amounts to more than twenty dollars, then, if judgment be given for the defendant, it is in effect a judgment exceeding twenty dollars. But here, the justice’s docket only shows, that the cause of action w.as the balance of a book debt, not exceeding one hundred dollars. For aught that appears, it might have been less than twenty dollars, and this court cannot presume that it was more. The case of M'Kim v. Bryson, (2 Serg. & Rawle, 463,) is precisely the same as that now before us. It is impossible to point out any difference. But in Stewart, &c. Administrators of Nelson, v. Keemle, (4 Serg. & Rawle, 72,) where it appeared on the docket of the aider-man before whom the suit was brought, that the plaintiff’s cause pf action amounted to seventy-five dollars, and judgment was rendered for thp defendant, this court, adopting the liberal construction before mentioned, held that, the judgment was to be considered as substantially exceeding twenty dollars, and therefore an appeal Jay. The established construction, therefore, of the act of assembly, is, that to entitle the plaintiff to an appeal, where the judg? ment of the justice is for the defendant, it must appear on the docket of the justice,• that the plaintiff’s cause of actiofi exceeds twenty dollars.
But it was contended, by the counsel for the defendant in error,, that the plaintiff in error, having gone on to trial in the Mayor’s Court, has cured the want of jurisdiction in that court. If it had been a ease in which an appeal lay, the going on to trial would have cured any irregularity in the entering of the appeal. But,, where there is no appeal, the defect of jurisdiction is radical, and cannot be cured by the appearance of the party, and trial of the cause. Such an implied consent, cannot confer jurisdiction where the law has not given it. This was expressly decided in Morrison v. Weaver, (4 Serg. & Rawle, 190.) I am therefore of opinion, that the whole proceeding in the Mayor’s Court was erroneous, and th.e judgment should be reversed.
Judgment reversed.-