## BAYARD *against* HAWK.

A defendant obtained a rule of the court of Common Pleas, to shew cause why an appeal by the plaintiff, from a judgment of a justice should not be quashed, during the pendency of this rule, the plaintiff entered a rule of reference, had arbitrators chosen, who made a report in favor of the plaintiff. The judgment upon the award was held to be erroneous, and it was reversed.

No appeal lies from the judgment of a justice, entered upon an award of arbitrators, for a sum less than twenty dollars; where the plaintiff's claim, set out upon the record of the justice, does not exceed that sum.

Error to *Westmoreland* county.

This suit in which *John Hawk* was plaintiff, and *A. W. Bayard* defendant below, was instituted before a justice of the peace, by agreement of the parties. The entry of it on the justice's docket was in the following words: "*John Hawk* v. *A. W. Bayard.* Amicable action by the parties, May 18th, 1820, arising from a book account, not exceeding 100 dollars." The same day the parties take a rule to refer. June 15th referees report; and judgment was entered on the award of referees by way of non suit for costs. It further appeared from the return of the justice, on the appeal taken by the plaintiff, that he applied to the justice, on the same day that he entered judgment, for a rehearing, of which notice was given to the defendant, who refused to agree to a rehearing of the cause; and on the 22nd of June, the plaintiff entered an appeal to the next court of Common Pleas, which was to commence in August 1830. The defendant obtained a rule of the court upon the plaintiff, to shew cause why the appeal should not be quashed. During the pendency of this rule, the plaintiff had the cause referred to arbitrators, under the compulsory arbitration act. On the 11th of January 1831, the rule to shew cause why the appeal should not be quashed, was discharged by the court, and on the 17th of the same month, the arbitrators chosen under the rule of reference, filed their award in favor of the plaintiff, for the sum of fourteen dollars, with costs of suit.

*Armstrong* for plaintiff in error, cited *Act of* 1810, *sec* 2; and *Soop* v. *Coates* 12, *Serg.* 388 to shew, that the plaintiff's demand if it be above twenty dollars, *must be set out on the record of the justice.*

*J. Y. Barkley*, for defendant in error, contended, that the court below was satisfied by proof that the plaintiff's demand did exceed twenty dollars; and therefore the appeal was sustained.

The opinion of the court was delivered by

Kennedy; J. The error complained of in this case, is that the court of Common Pleas refused to quash the appeal. According

(Bayard *v.* Hawk.)

to the provisions of the third and fourth sections of the act of assembly giving jurisdiction to justices of the peace in cases arising out of contract, not exceeding one hundred dollars, neither party can compel the other to refer the cause to the decision of referees. It is only by the consent of both parties that it can be refered to· arbitrators, who after hearing the proofs and allegations of the parties, are required by the third section of the act, to make out their award and transmit it to the justice, who is directed to enter judgment for the sum awarded and costs "which *judgment,*" says the same section, "so obtained, when *not exceeding twenty* dollars, shall be *final* and *conclusive* to both *plaintiff* and *defendant, without further appeal;*" the fourth section, which gives the right of appeal, is also in these words "either party having the right to appeal within twenty days after judgment being given, either by the justice alone or an *award* of referees, when such *award* shall *exceed* the sum of twenty dollars." Hence it is manifest from the letter and phraseology of the act that in all cases where the sum in controversy exceeds five dollars and thirty-three cents, and the cause has been referred by the parties to the decision of referees, it is the amount of the *award,* and not the amount of the sum in controversy, that settles the right of appeal from the judgment of the justice given on the award of the referees.   If the amount of the award exceed twenty dollars, the right of appeal is clearly given to either party; otherwise it would seem it is not. I cannot perceive even any apparent hardship in this construction of the act; which goes to preclude the parties or either of them from the right of a trial by a jury afterwards; because it is the effect of the act of assembly upon their own *agreement,* to refer the final determination of all matters in controversy in the cause between them, to the judgment of referees chosen by them for that purpose.   It is a part of their agreement to refer the cause, that they will abide by the decision of the referees, and that their award shall be final and conclusive, without further appeal, if the amount of the award exceed twenty dollars. Is it not just, as well as politic, that men should be bound by their agreements? and especially too when they are made for the express purpose of putting an end to all further strife and controversy?   This exposition of the act, I would have considered in accordance with the spirit of it, and the intention of the legislature, were it not for the decision of this court, in the case of *Soop* v. *Coats* 12 *Serg & Rawle,* 338, which decides, that the plaintiff is entitled to an appeal, wherever the debt sued for, and *set forth on the docket of the justice, is reduced* by the award *more than twenty dollars;* although the sum awarded, for which judgment is entered, may be *less.*   This appears to me to be a very liberal construction of the act in favor of the right of appeal, and since it has been so settled and decided by this court, I do not wish to be

understood, in any thing that I have said, as having a wish now to impugn or set aside the principle established in that case.     In the case, however, under consideration, the amount of the plaintiff's demand was not entered on the docket of the justice, nor does it appear from any thing that has been certified or returned by the justice what the amount of the plaintiff's claim was.     There is, therefore no ground furnished for saying, that the award of the referees appointed before the justice, which was in favor of the defendant generally, was in effect an award and judgment against the plaintiff, for a sum of money, exceeding twenty dollars. This case is analogous in every respect to *M'Kim* and *Bryson,* 2 *Serg. & Rawle,* 463.     The appeal was not only illegally taken by the plaintiff from the judgment of the justice on the award of the referees, but his course was no less so, after he got the cause before the court of Common Pleas; for after a rule had been obtained, and was still pending against him, to shew cause why the appeal should not be quashed; in defiance of this rule, which in effect was an order of the court to stay all further proceedings in the cause till it should be disposed of, he entered a rule of reference; under which arbitrators were appointed, and the case heard and decided by them, about the same time that the court discharged the rule to shew cause.     The whole proceeding in the Common Pleas was irregular; and the award and judgment thereon must be reversed, and the appeal from the judgment of the justice quashed.

Judgment reversed.