# Downey *against* Ferry.

The sum in controversy, and not the amount of the judgment, regulates the right of appeal, under the fourth section of the act of 20th March 1810 ; and what that amount in controversy was, may be made to appear by parol evidence as well as by the record of the justice.

ERROR to the common pleas of *Lancaster* county.

Patrick Ferry's administratrix brought this suit against Robert Downey and Adam Miller, before a justice of the peace, by whom it was submitted to referees, who made an award for the plaintiff for 9 dollars; upon which judgment was entered by the justice, and from which the defendants appealed to the common pleas. On a rule to show cause why the appeal should not be stricken off, the appellants proved by one of the referees, that the demand which he had made before them against the plaintiff exceeded 20 dollars. But the court was of opinion that this was not the subject of parol proof, and dismissed the appeal.

*Parke,* for plaintiff in error, cited, Stewart *v.* Keemle, 4 *Serg. & Rawle* 72 ; 12 *Serg. & Rawle* 385 ; Klingensmith *v.* Nole, 3 *Penns. Rep.* 119 ; Childerston *v.* Hammon, 9 *Serg. & Rawle* 68 ; 12 *Serg. & Rawle* 62 ; Brown *v.* Honneter, 16 *Serg. & Rawle* 138.

*Eastburn,* contra, cited, Sadler *v.* Slobaugh, 3 *Serg. & Rawle* 388 ; Stewart *v.* Keemle, 4 *Serg. & Rawle* 72 ; Bayard *v.* Hawk, 3 *Penns. Rep.* 174; 12 *Serg. & Rawle* 387 ; Ulrick *v.* Larkey, 6 *Serg. & Rawle* 285.

The opinion of the Court was delivered by

ROGERS, J.—The sum in controversy, and not the amount of the judgment, regulates the right of appeal, under the fourth section of the act of the 20th March 1810. Stewart et al. *v.* Keemle, 4 *Serg. & Rawle* 72 ; Klingensmith *v.* Nole, 3 *Penns. Rep.* 120. But a difficulty has arisen how this amount is to be ascertained, and upon this point it has been ruled that, to entitle a plaintiff to appeal where the

[Downey v. Ferry.]

judgment of the justice is for the defendant, it must appear on the docket of the justice that the plaintiff's cause of action exceeds 20 dollars.　Stoy's Administrators *v.* Yost, 12 *Serg. & Rawle* 387. And in Klingensmith *v.* Nole, in analogy to the case last cited, it was contended that the amount claimed by way of set-off should also appear on the docket of the justice. . But this was thought unnecessary for the reasons there stated.　3 *Penns. Rep.* 120.　In Klingensmith *v.* Nole, the defendant made a statement in writing of the amount of his claim against the plaintiff, presented it to the justice, and left it with him.　And this was deemed a compliance with the requisitions of the act.　The object is to ascertain the amount in controversy, and although the testimony in Klingensmith *v.* Nole was strong evidence of the fact, yet it is not the only evidence.　The amount in dispute may, with sufficient certainty, be ascertained by the oath of the justice or of the arbitrators, or by other competent parol testimony.　As the effect is to sustain a right of trial by jury, which is a highly favoured right, I cannot perceive any bad consequences which will be likely to flow from the introduction of such testimony, *aliunde* the docket of the justice.　The only question then which remains is, was the evidence sufficiently explicit to prove the facts which are necessary to the validity of the appeal.　Andrew Charles, the only one of the arbitrators who was examined (for it must be remarked that the court of common pleas was mistaken in supposing that Henry Echman was an arbitrator), expressly swears that the defendant's demand was above 20 dollars.　Although he does not say what the nature of the demand was, yet enough appears on the deposition to show that it was a claim for work done in plastering a house which belonged to Patrick Ferry, the intestate. And if the fact was not as stated, the contrary might have been easily shown on an examination of the other arbitrators.　Whether the defendant will succeed in establishing his claim is not the question, and cannot be examined in this stage of the proceedings. .. It is sufficient to answer the present purpose, that the defendant claimed a set-off on the trial (which the arbitrators refused to allow) of an amount beyond 20 dollars.

Judgment of the common pleas, dismissing the appeal, reversed, and the appeal ordered to be reinstated.