## M'Closkey *against* M'Connell.

If a justice of the peace enter a judgment for the defendant upon an award of arbitrators, the plaintiff has a right to an appeal, if his claim exceed twenty dollars, which may be measured by his declaration, or by the amount stated upon the docket of the justice.

ERROR to the common pleas of *Westmoreland* county.

Elizabeth M'Connell against James M'Closkey and William Boreland. Appeal by plaintiff from the judgment of a justice, who thus stated the cause of action: " Summons, trespass for taking and leading away one sorrel colt, the property of the plaintiff, not exceeding one hundred dollars." The case was referred, and the referees awarded for the defendants, upon which the justice entered judgment, and from which the plaintiff appealed. A motion was made to set aside the appeal, on the ground that the award was for less than *twenty dollars;* but the court below (White, president) sustained the appeal. The plaintiff filed a declaration claiming 100 dollars damages, and upon the trial recovered 53 dollars 98 cents.

*H. D. Foster,* for plaintiff in error, contended that the court erred in sustaining the appeal, and cited 3 *Penn. Rep.* 174; 5 *Rawle* 228.

*Coulter, contra,* argued that the judgment of the justice was against the plaintiff for a sum exceeding twenty dollars.

The opinion of the Court was delivered by

GIBSON, C. J.—The acts which give civil jurisdiction to justices of the peace are so unusually defective, that we are perpetually compelled to interpret them with extreme liberality, in order to prevent their principles from being frustrated by the inadequacy of their details. These principles, instead of being defined by an outline, and left to the courts to fill it up in their application of them to particular cases, have been minutely adapted to models which

[M'Closkey v. M'Connell.]

the framers had in view, as the only ones of the sort which it was supposed the transactions of men would produce. In process of time, however, it has been found that others of the same sort, but of different proportions, may be produced; and when the statutory drapery is applied to one of them, it is found to be so much too wide or too narrow, so much too long on the one side or too short on the other, as to require a great deal of hitching and stretching to make it cover the subject's nakedness. This defect is inherent in legislation when committed to the most skilful hands; and it offers an abiding objection to schemes of codification, necessarily imposing on the judges, as they do, the very exercise of that judicial discretion which they propose to prevent; and, instead of reducing the law to that simplicity and certainty which they boast, leaving it a thousand times more complicated and uncertain than they found it. Of this, the provision for the present case is a pregnant example. In actions of trespass, the object of the legislature was obviously to give an appeal from every judgment of a justice on the merits or on an award of arbitrators, by which the suitor might be aggrieved, to a certain amount, and to disregard an error for less. And how is it attempted to be effected? "Either party," it is enacted, "shall have the right of appealing to the court of common pleas of the proper county, where the *judgment* given by the justice or alderman alone shall exceed five dollars and thirty-three cents, and where, when given on the award of referees, it shall exceed twenty dollars." Strictly taken, this means that if the plaintiff sue for damage suffered to the amount of a hundred dollars, he may appeal if he be aggrieved by the judgment to the amount only of a cent; but that he shall be concluded if he be aggrieved by it to the amount of more than ninety-four dollars and sixty-seven cents! It seems not to have entered into the heart of the framer of this provision, to conceive that any justice would be so regardless of the dictates of his own interest as to give judgment for a defendant in any case; but when we meet with such a judgment—rendered as this was, however, on the award of arbitrators, how are we to carry out the legislative principle? Assuredly not by giving to the words in which it is conveyed, their most obvious meaning, but by making the value of the matter adjudicated, the amount of the judgment. Nor in doing so, will we depart very far from the letter. Though a judgment against the plaintiff be not for a sum *in numero*, it would, nevertheless, preclude him from asserting his demand in another action; so that the value of the matter which was in controversy is actually the amount adjudicated. And by what is it to be measured? Undoubtedly by the damages laid in the declaration, where there is no other standard; or, in a case like the present, by the demand stated in the justice's docket. This rule rests upon the authority of Ancora *v.* Burns, 5 *Binney* 522; Hancock *v.* Barton, 1 *Serg. & Rawle* 259; and Bazire *v.* Barry, 3 *Serg. & Rawle* 461. The difficulty in its application to this

case is, that a definite sum was not demanded, the cause of action stated in the transcript being "trespass and damage *not exceeding* one hundred dollars." But the plaintiff, though he did not, and, indeed, could not, define the extent of the injury, left himself at liberty to prove damages to any extent within the limit of the justice's jurisdiction; and to that, in the absence of every thing more specific, the quantum of his demand is to be referred. This inference may seem to be more strained than the preceding one; but we are warranted in laying hold on any thing, however slight, to carry out the legislative principle, and to preserve a constitutional franchise.

Judgment affirmed.