516

Fitzgerald, Appellant, *v.* Chapman.

Argued March 22, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Norman P. Zarwin,* with him *Zarwin, Prince, Baum, Steerman & Somerson,* for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY WRIGHT, J., April 12, 1967:

This is an appeal from an order of the County Court of Philadelphia discharging appellant's rule to quash an appeal from an arbitration award.

On January 19, 1962, William DuBarry instituted an action in assumpsit against Dewitt Chapman, trading as Chapman's Garage, and herewith referred to as Chapman. Following the filing by Chapman of an answer to the complaint, the matter was referred to arbitration. On July 24, 1962, after hearing, the board of arbitrators entered an award in DuBarry's favor in amount of $1550.00. On August 1, 1962, Chapman appealed to the County Court of Philadelphia. He filed the required affidavit and bond, and paid the fees of the arbitrators. However, he did not pay record costs. On April 16, 1964, a suggestion of DuBarry's death was filed and his personal representative was substituted as plaintiff. On April 20, 1964, the case was called for trial before Judge O'DONNELL and a jury. At the conclusion of plaintiff's evidence, a compulsory nonsuit was entered. On April 23, 1964, appellant filed a motion to remove the nonsuit. On September 23, 1965, this motion was denied by the court en banc. On December 9, 1965, appellant petitioned for a rule to show cause why Chapman's appeal from the award of the arbitrators should not be quashed because the record costs had not been paid. On October 6, 1966, this rule was discharged. The instant appeal followed.

We will briefly review the decisions of this court concerning the failure of a litigant to pay record costs

when appealing from an award of arbitrators. In the case of *Budde v. Sandler*, 204 Pa. Superior Ct. 36, 201 A. 2d 247, a trespass action by Sandler was referred to arbitrators who made an award in his favor. The Buddes filed an appeal from the award without paying record costs. The lower court entered an order dismissing Sandler's motion to quash. An appeal from this order to the Superior Court was quashed on the ground that the action of the court below was interlocutory. However, in his opinion for this court, the late Judge FLOOD stated that the motion to quash the appeal from the award of arbitrators should have been granted. The writer concurred only in the result. Then came the cases of *Fleisher v. Kaufman*, 206 Pa. Superior Ct. 378, 212 A. 2d 846, *Madrid Motor Corp. v. Cashan*, 206 Pa. Superior Ct. 383, 213 A. 2d 284, and *Harry C. Erb, Inc. v. Shell Construction Co., Inc.*, 206 Pa. Superior Ct. 388, 213 A. 2d 383, in each of which, with the writer dissenting, this court sustained the quashing of an appeal from an award of arbitrators for failure to pay record costs. In *Cellini v. Needleman*, 207 Pa. Superior Ct. 762, 218 A. 2d 839, the defendants appealed from an award of arbitrators without paying record costs. Following trial and verdict, the court en banc granted a new trial. Thereafter, and before the retrial, a motion was filed to quash the appeal. In a per curiam order, with President Judge ERVIN and the writer dissenting, this court sustained the action of the court below in granting the motion to quash.

The case at bar presents a materially different situation. Judge MONTEMURO refused to quash the appeal on the ground that the motion to quash came too late. We are in accord with this reasoning. In the cases reviewed in the preceding paragraph, no final determination of the action had yet been reached in the court below. It is readily apparent that these de-

cisions do not control the instant case. The order by the court en banc denying appellant's motion to remove the compulsory nonsuit constituted a final judgment: *Altsman v. Kelly*, 336 Pa. 481, 9 A. 2d 423. Cf. *Fine v. Soifer*, 288 Pa. 164, 135 A. 742; *Central Pa. Lumber Co. v. Carter*, 348 Pa. 429, 35 A. 2d 282.

Debet esse finis litium.

Order affirmed.

---

CONCURRING OPINION BY MONTGOMERY, J.:

I concur in the result reached by the majority but for a different reason. In my opinion the appellant waived any objection he may have had to the appeal from the arbitrators' award, by proceeding to trial on the merits before moving to quash the appeal. *Wetter v. Kiley*, 95 Pa. 461 (1880); *Wilson v. Kelly*, 81 Pa. 411 (1876); *Mayes v. Jacoby*, 8 Serg. & Rawle 526 (1822). For this reason I would overrule our per curiam order in *Cellini v. Needleman*, 207 Pa. Superior Ct. 762, 218 A. 2d 839 (1966), which I now think was in error.

HOFFMAN and SPAULDING, JJ., join in this concurring opinion.