Elliott et al., Appellants, *v.* Lenzi.

Argued September 10, 1968.  Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Edward W. Silver,* with him *Lawrence Solomon,* for appellants.

*Elias Magil,* with him *Martin P. Mullen,* for appellees.

OPINION BY WATKINS, J., December 12, 1968:

This is an appeal from an order of the County Court of Philadelphia refusing a motion to remove a nonsuit; and from the dismissal of a motion to quash the appeal from the award of arbitrators because of the nonpayment of record costs.

On November 1, 1962 the minor and her mother, the appellants, instituted a trespass action against the appellees to recover damages for dog bites inflicted on the minor's legs on November 4, 1960.  Awards were entered by the arbitrators on October 15, 1963 in favor

of the minor in the amount of $2000 and in favor of the mother in the amount of $693.75. The appellees filed a timely appeal on November 1, 1963 and ordered the case on the nonjury list. The appeal papers certified by the prothonotary are endorsed "all record costs paid to date". On November 12, 1963 the appellants, by praecipe, demanded a jury trial, paid the jury fee and transferred the action from the nonjury list to the jury trial list. It was fixed for trial on April 23, 1964 when all parties appeared. It was continued several times pending possible settlement. No further action was taken until November 5, 1965 when the appellants for the first time presented a petition to show cause why the appeal from the arbitrators' award should not be quashed for failure to pay the record costs. This was more than two years from the date of the filing of the appeal. The petition was discharged on October 9, 1967 and the case ordered to trial.

On November 13, 1967 the case was called to trial and the appellants again moved the court to quash for the same reasons and again the motion was discharged. The trial was rescheduled for January 15, 1968 at which time the appellants indicated that they would not proceed and the court below granted the motion for a nonsuit.

The passage of time is responsible for a lot of the confusion in this case. The appellee's original counsel Lucian F. Pazulski is deceased and neither his partner or present counsel, who had the matter referred to him in 1967, are able to state whether the appellees' costs were in fact paid. The court below determined that the costs were paid, holding:

"Plaintiffs' Petition to Quash the Appeal from the Arbitrators' Award averred that defendant failed to pay the plaintiffs' record costs. The Answer of the

defendants admitted this paragraph. However, plaintiffs also averred in their petition that 'the statement appearing on the Docket in this case, i.e., "All record costs paid to date", is erroneous since the said costs have not been paid'. This averment was answered by the defendants, as follows: 'Denied. All record costs have been paid as stated in the Docket Entries'.

"No depositions or notes of testimony of any sort were submitted by either party on the argument on the Rule to Quash the Appeal. In the opinion of this Court there was an issue of fact, partly contradictory, or, at least, equivocal, raised in the Pleadings as to the payment or nonpayment of the accrued record costs.

"Although plaintiffs had the right to depositions and to submit them on the argument of their Rule, none were taken on the issues raised by the Pleadings (Petition and Answer) then before the Court. Lacking clear evidence by the Pleadings or by depositions, for the purpose of disposition of this Rule to Quash the Appeal, the allegations of fact averred in the Defendants' Answer (although not too clear and somewhat inconsistent) are the facts which this Court must accept and adopt to decide the question of the Rule to Quash the Appeal."

Ever since *Budde v. Sandler*, 204 Pa. Superior Ct. 36, 201 A. 2d 247 (1964), we have had numerous cases involving the interpretation of that case in relation to appeals from arbitrators' hearings that involved the payment of record costs. In *Cellini v. Needleman*, 207 Pa. Superior Ct. 762, 218 A. 2d 839 (1966), the appeal was made without payment of the record costs, but the plaintiff waited until after trial and verdict and the grant of a new trial before filing the motion to quash. Nevertheless the majority of this Court, by a per curiam order sustained the action of the court

below in quashing the appeal. Former President Judge ERVIN and Judge WRIGHT, now President Judge, dissented.

In *Fitzgerald v. Chapman,* 209 Pa. Superior Ct. 516, 229 A. 2d 12 (1967), an action in trespass before arbitrators was begun on January 19, 1962. In that case it was clear that the record costs were not paid. On April 20, 1964, the case was called for trial and a compulsory nonsuit entered. It wasn't until December 9, 1965 that a petition was filed to quash the appeal from the arbitrators because the costs were not paid. The court below refused to quash and this court affirmed, opinion by President Judge WRIGHT. Judge MONTGOMERY filed a concurring opinion joined in by HOFFMAN and SPAULDING, JJ., suggesting that the appellant had ". . . waived any objection he may have had to the appeal from the arbitrators' award, by proceeding to trial on the merits before moving to quash the appeal. (Citing cases) For this reason I would overrule our per curiam order in Cellini v. Needleman, 207 Pa. Superior Ct. 762, 218 A. 2d 839 (1966), which I now think was in error." This Court is now constrained to believe that this should be the law. The refusal of the court below to quash the appeal is affirmed.

As to the denial by the court below of the appellants' motion to remove the nonsuit, under the peculiar circumstances of this case and in view of our holding with regard to the *Cellini* case, the court below is reversed, the nonsuit removed and a new trial granted.

JACOBS, J., concurs in the result.