Central Pennsylvania Lumber Company *v.* Carter
et al., Appellants.

Argued November 30, 1943. Before MAXEY, C. J.,
DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Milton J. Kolansky,* for appellants.

*James S. Berger,* with him *Robert F. Pontzer,* of *Barbour & Pontzer,* for appellee.

OPINION BY MR. JUSTICE DREW, January 3, 1944:

William F. Carter et al. appeal from a decree, entered by the court of common pleas in a proceeding, in equity, ordering partition of a large tract of land in Highland Township, Elk County.

Appellee, Central Pennsylvania Lumber Company, filed its bill of complaint, wherein appellants and Arthur G. Baird and his wife were named as defendants, praying that partition be made of the property, containing 1005 acres, and known and designated on the general map or draft of Elk County, as Warrant No. 1831. In their answer, appellants agreed to the partition of the surface, but by way of "New Matter" set up a claim for an accounting for certain timber and bark appellee admittedly cut and removed from the tract in 1928 and 1929. Upon dismissal of its preliminary objections, appellee filed a reply, averring that it was the owner of all timber and bark cut and removed, and raising the defense of res judicata and laches.

The chancellor, after hearing, found the following to be the facts: Appellee is the owner of an undivided eight-tenths of the surface of the land in question; appellants are the owners of a one-tenth interest, including the surface and minerals; and Baird the owner of the remaining one-tenth, including the surface and minerals. Some of appellants and the predecessors in title of the others had instituted an action in trespass in the court of common pleas of Elk County on April 4, 1934, against appellee herein, claiming damages for the alleged wrongful removal of timber and bark from this identical tract during the period for which an accounting is now sought. That suit proceeded to trial and on April 13, 1936, resulted in the entry of a compulsory nonsuit, and no appeal from the refusal to remove it was ever taken. At the hearing in the instant case, counsel for appellants agreed that partition, as prayed for, should be made according to the interests of the various parties. Although duly served, no appearance was entered or answer filed by defendants, Baird and his wife, and as to them the bill was taken pro confesso. On these findings, the learned chancellor concluded that appellants had no standing to require appellee to account, since, among other things, their claim was barred by laches, and fur-

ther that the compulsory nonsuit entered in the action in trespass was res judicata of any right appellants might have had to an accounting. Accordingly, a decree nisi was entered, directing that partition be made, without requiring appellee to account; and this action of the learned chancellor was confirmed by the entry of a final decree, after argument on exceptions. Appellants then appealed to this Court.

As to res judicata, we said, in *Brobston v. Darby Borough*, 290 Pa. 331, 337-8, 138 A. 849: "In determining whether a prior judgment of a court of competent jurisdiction is conclusive of a pending suit, the inquiry is usually confined to the identity of the cause of action, and it was admittedly the same here. If the parties were also identical, there could be no question that the former adjudication was a bar, for the determination of a fact governing the right to recover is controlling (*First Nat. Bank v. Dissinger*, 266 Pa. 349; *Tasin v. Bastress*, 284 Pa. 47; *Havir's Est.*, 283 Pa. 292), as to all contentions which could properly have been passed upon on the first trial: *Hochman v. Mortgage Finance Corp.*, 289 Pa. 260; *McGunnegle v. R. R. Co.*, 269 Pa. 404; *P. & L. E. R. R. Co. v. McKees Rocks*, 287 Pa. 311. This rule applies not only to the actual parties to the litigation, but binds those who are in privity with them: *Com. v. Kelly*, 287 Pa. 139. The same cause of action cannot be retried, and a second suit cannot be predicated on a question of fact already passed on: *Loughrey v. P. R. R. Co.*, 284 Pa. 267; *Ludwig Co. v. Green*, 88 Pa. Superior Ct. 142." In the instant case, it clearly appears that the former suit was one in which appellants or those in privity with them might have recovered from appellee precisely that which they now seek to recover by way of an accounting. The same facts or evidence would have sustained both the suit at law and the "New Matter" which appellants raise in this equity proceeding. Therefore, we agree with the following statement of the chancellor: "As to the original Plaintiffs in the Equity case there is no question

but that they are barred because the issue is res adjudicata. As to those not original Plaintiffs in the Trespass Action but who succeeded to the interest of those who had died, they are privies, whose relationship to the same right of property is mutual or successive. Such privity denotes mutual or successive relationship to the right of property, title or estate. 'It might be in blood, in law or in estate.' *Strayer vs. Johnson*, 110 Pa. 21, 24 . . . In our opinion the doctrine of res adjudicata is applicable here, and we hold that the matter in issue, viz., the alleged illegal cutting and removal of timber and bark from the land in question, and the right of the present Defendants to recover damages therefor was adjudicated in the Trespass Action to No. 119 April Term, 1934, and therefore the matter is res adjudicata."

While it is true that the mere entry of a compulsory nonsuit is not res judicata (Std. Pa. Prac., Vol. 6, §2) ; nevertheless, it is otherwise if plaintiff files a motion to set the nonsuit aside, as was done by appellants in the present controversy, and the decision is against him and he fails to take an appeal and secure a reversal (*Fine v. Soifer*, 288 Pa. 164, 135 A. 742). Furthermore, if plaintiff fails to avail himself of a remedy in a court of law once open to him, but no longer available, he is not entitled to successful recourse to a court of equity : *Tate v. Hoover*, 345 Pa. 19, 26 A. 2d 665. "Under the general rule that after the rendition of a judgment at law, cause for relief in equity must consist of extrinsic matter outside of, and collateral to, what was or could have been determined in the first action, it is generally held that matter which is available as a defense to an action at law becomes res judicata by the judgment rendered therein, and may not be made the predicate of equitable relief :" 30 Am. Jur. §194, p. 937.

Even if appellants were not thus precluded, their claim would be barred by laches, for it is clear that they failed to exercise due diligence in proceeding to assert their rights, if any they had. Appellee cut and removed

the timber and bark from the tract in 1928 and 1929, and of this fact appellants had full knowledge, and yet from then until the time the present bill of complaint was filed by appellee—a period of eleven years—these appellants did nothing, other than to institute the trespass action, to recover the value of the claimed one-tenth interest in the timber and bark cut and removed.

For these reasons, if for no other, we are firmly convinced that the decree as finally entered must be affirmed.

Decree affirmed.