## Bonfitto, Appellant, *v.* Nationwide Mutual Insurance Company.

Argued November 15, 1961.  Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

reargument refused February 6, 1962.

*William C. Cassebaum*, with him *Thomas Arcorace*, for appellant.

*James B. McGiffert*, with him *Fackenthal, Teel & McGiffert*, for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, January 17, 1962:

Plaintiff, in *May, 1959*, sued defendant and Bell in assumpsit on the basis of promissory estoppel, and Bell for deceit.  The damages claimed were for personal injuries resulting from the insurance company's insured running over plaintiff's foot.  At trial the action against Bell for deceit was withdrawn and the jury found for Bonfitto against the Insurance Company in the sum of $3564.  If Bell's employer was liable because of Bell's representations, it is difficult to understand how Bell could be absolved and his employer

found liable. The Court of Common Pleas entered judgment non obstante veredicto. This judgment was affirmed by the Superior Court on the theory of the law of the case.

The instant case arose under, or as a result of, the following circumstances: On *September 22, 1954,* Marco Bonfitto brought an action of trespass for injuries to his foot which allegedly resulted from Joseph Bonfitto backing Antonio Bonfitto's car over Marco's foot. Marco, Joseph and Antonio were brothers. Antonio Bonfitto was insured by Nationwide Mutual Insurance Company.* The trespass case was tried by Judge WOODRING without a jury on the basis of the pleadings and a stipulation of the parties. The relevant portions of Judge WOODRING's opinion, which made absolute defendant's motion for judgment on the pleadings and directed a judgment be entered for defendant, are as follows:

". . . Plaintiff testified that following the accident of *March 19, 1952,* Edgar T. Bell, who called himself an adjuster for Farm Bureau, visited plaintiff in May or June of 1952, and that Mr. Bell told plaintiff: 'Take care of the foot. Come see me . . . when Dr. Johnson discharge you'. The next visit was three months later, August or September 1952, and plaintiff testified that the only conversation was Mr. Bell's inquiry about plaintiff's foot. Mr. Bell visited a third time, October or November 1952, at which time plaintiff testified Mr. Bell said: 'Take care of foot. When Dr. Johnson discharge, you come see me up at the office. I no come around no more.'

. . .

". . . we find no fraud nor concealment. A Mr. Bell, allegedly a representative of defendants' insurance carrier, but doubtless without any knowledge of or author-

---

* Formerly known as Farm Bureau Insurance Company.

ity from defendants, asked plaintiff how his injuries were and said: 'Take care of the foot'. 'Come see me when Dr. Johnson discharge you'. It is to be noted that Mr. Bell did not say: 'We are legally liable for your expenses', or, 'We will compensate you for your injuries'. More than that, however, Mr. Bell's last visit was October or November of 1952, 19 or 20 months before the expiration of the statutory period for the institution of suit. On that occasion plaintiff admits that Mr. Bell said: 'I no come around no more'. In other words, Bell did not deceive plaintiff or lure him into the belief that Bell would continue to call.

". . . defendants never committed themselves to pay anything, gave fair warning that they would not call upon plaintiff again and did not misrepresent the law of the statute of limitations."*

In the instant case Marco Bonfitto alleged he was discharged on June 3, 1954, and that on the same day he went to see Bell, who refused to make any payment, stating that the Statute of Limitations had expired on March 20, 1954. In *May, 1959,* plaintiff Marco Bonfitto brought the present actions and *relied upon exactly the same testimony as he had given and relied upon in the original trespass case* of *Marco Bonfitto v. Antonio and Joseph Bonfitto,* namely, that Bell had made the aforesaid alleged representations. This was more than *7 years* after the plaintiff's accident, and approximately 5 years after Marco Bonfitto had been discharged by his doctor.

To allow a recovery in the instant case, *based upon exactly the same testimony as to Bell's above mentioned alleged representations to Bonfitto,* which the Trial Judge, sitting as a jury, and the Court en banc, and this Court, held were insufficient (1) to constitute

---

* This Court affirmed the judgment on the opinion of Judge WOODRING, 391 Pa. 187, 137 A. 2d 277.

a promise to pay plaintiff anything, and (2) did not deceive plaintiff, would make a mockery of Law and Justice.

Judgment affirmed.

Mr. Justice COHEN concurs in the result.

---

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

I would reverse on the Opinion of Judge FLOOD. I do not write a dissenting opinion here because Judge FLOOD's opinion is so well reasoned, so factually ballasted, so authoritatively supported, so completely unanswered by the majority Opinion of the Superior Court, that to add to his brilliant and shattering dissent would be as superfluous as "to smooth the ice, or add another hue unto the rainbow."