Weber et vir *v.* Lynch et al., Appellants.

Argued April 18, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Ralph A. Davies* and *John C. Carlin, Jr.,* with them *Thomson, Rhodes & Grigsby,* and *Mercer, Mercer, Carlin & Scully,* for appellants.

*James M. Keller,* for appellees.

OPINION BY JACOBS, J., October 28, 1975:

This consolidated appeal questions the propriety of Rule 303J, a local rule of the Allegheny County Court of Common Pleas. The rule, which relates to appeals from compulsory arbitration,[1] provides that

"[e]xcept by allowance of the court for good cause shown, no witness, other than an after discovered witness, may be called by a party at any subsequent trial who was not called as a witness by that party at the arbitration hearing."[2]

The appellees, plaintiffs below, were not satisfied with an arbitration award in their favor and appealed to the common pleas court. At the trial the plaintiffs were precluded from introducing the testimony of a physician who had not testified at the arbitration hearing. The court *en banc,* considering post-trial motions, then reversed the decision of the trial judge and granted a new trial, holding that Rule 303J not only unconstitutionally infringed the right to trial by jury but also violated due process rights. The defendants below bring this appeal from the order granting a new trial.

---

1. Act of June 16, 1836, P.L. 715, *as amended,* 5 P.S. §21 *et seq.* (1963) [hereinafter cited as Arbitration Act].

2. Rule 303J, 5th Judicial District, Allegheny County [hereinafter cited as Rule 303J].

Our Supreme Court upheld the constitutionality of the compulsory arbitration statute in *Smith Case,* 381 Pa. 223, 112 A.2d 625 (1955). The Court examined the purpose of the arbitration system and noted its "extreme importance" and obvious merits. "[I]t effects a decided innovation in procedure for the adjudication of the class of minor claims to which it relates. It has many obvious advantages. It is clearly designed to meet the situation which prevails in some communities of jury lists being clogged to a point where trial can be had only after long periods of delay,—a condition resulting largely from the modern influx of negligence cases arising from auto-mobile accidents in a great number of which no serious personal injuries are involved. Removing the smaller claims from the lists not only paves the way for the speedier trial of actions involving larger amounts, but, what is of equal or perhaps even greater importance, makes it possible for the immediate disposition of the smaller claims themselves, thus satisfying the need for prompt relief in such cases. By the same token, and working to the same end, the use of the Act will free courts for the speedier performance of other judicial functions. Moreover, there will be a saving to claimants of both time and expense by reason of greater flexibility in fixing the exact day and hour for hearings before the arbitrators as compared with the more cumbersome and less adaptable arrangements of court calendars. . . . It would seem clear, therefore, that the system of arbitration set up by this statute offers encouraging prospects for the speedier administration of justice in the Common-wealth." *Id.* at 229-30, 112 A.2d at 628-29.

The Court in *Smith Case,* supra, in upholding the Arbitration Act, was specifically confronted with the challenge that the statute violated the right to trial by jury; but rejected the challenge as without merit. The Court held that a constitutional violation would arise "only where the statute closes the courts to litigants and

makes the decision of the arbitrators the final determination of the rights of the parties; therefore there is no denial of the right to trial by jury if the statute preserves that right to each of the parties by the allowance of an appeal from the decision of the arbitrators or other tribunal . . ." *Id.* at 230, 112 A.2d at 629.

The Arbitration Act provides for the right to appeal the arbitrators' decision[3] as does the Pennsylvania Constitution.[4] This right to appeal, stated the Court in *Smith,* is sufficient to fend the constitutional challenge so long as it is not "burdened by the imposition of onerous conditions, restrictions or regulations which would make the right practically unavailable." *Id.* at 231, 112 A.2d at 629.

Our courts have considered on many occasions whether prerequisites to appeal act as a deprivation of the right to trial by jury; and in approving such prerequisites as payment of record costs, *Meta v. Yellow Cab Co.,* 222 Pa. Superior Ct. 469, 294 A.2d 898 (1972) (holding requirement directory rather than mandatory) and furnishing security, *Commonwealth v. Philadelphia Eagles, Inc.,* 437 Pa. 25, 261 A.2d 309 (1970), have noted "the important policy preference in favor of preserving the right of appeal from compulsory arbitration and the constitutional right to a jury trial." *Dickerson v. Hudson,* 223 Pa. Superior Ct. 415, 423, 302 A.2d 444, 448 (1973).

---

3. The Arbitration Act provides *inter alia* in §27 (P.S. §71) that

"[e]ither party may appeal from an award of arbitrators, to the court in which the cause was pending at the time the rule or agreement of reference was entered, under the following rules, regulations and restrictions . . ."

4. Pa. Const. art. V, §9 provides:

"There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law."

Rule 303J, however, is distinguishable from a prerequisite to an appeal in that it operates as a restriction on the subsequent trial itself. The legislature unequivocally provided in the Arbitration Act that "[a]ll appeals shall be de novo." Arbitration Act, supra n. 1 at §27, 5 P.S. §71 (1963). The true issue thus before us is not initially one of constitutionality but rather whether Rule 303J impermissibly conflicts with a legislative mandate. The authority of common pleas courts to establish procedural rules is legislatively established but also legislatively limited.

"Each of the said courts shall have full power and authority to establish such rules for regulating the practice thereof respectively, and for expediting the determination of suits, causes and proceedings therein, as in their discretion they shall judge necessary or proper: *Provided, That such rules shall not be inconsistent with the Constitution and laws of this Commonwealth.*"[5]

This Court previously has had occasion to consider the meaning of "de novo" with respect to appeals from compulsory arbitration. In *Dickerson v. Hudson,* supra, the appellee argued

"that our reversal should be limited to granting appellant's right to appeal and to a jury trial solely on the issue of damages, since no defense evidence on the question of liability was presented at the arbitration hearing." *Id.* at 426, 302 A.2d at 449.

This Court unequivocally rejected that contention. "The statute provides that '[a]ll appeals shall be de novo' and *the right to trial by jury is in no way limited once the prerequisites to appealing have been met.*" Id. (emphasis added; footnote omitted). In *Sipe v. Pennsylvania R.R. Co.,* 219 Pa. 210, 68 A. 705 (1908), the Court re-

_____

5. Act of June 16, 1836, P.L. 748, §21; 17 P.S. §2076 (1962) (emphasis added).

jected a contention that a party who had not appeared at a proceeding before arbitrators would be precluded from appealing the decision. "There is no provision in the act, or, so far as we know, in any subsequent statute, denying the right of appeal to a party who has failed to appear before the arbitrators." *Id.* at 215, 68 A. at 706.

In *Bell v. Shetrom*, 214 Pa. Superior Ct. 309, 257 A.2d 323 (1969), the appellant sought to amend the ad damnum clause of his complaint after the arbitration award had been rendered. In holding that the appellant should have been permitted to change the measure of damages we stated that "[a]n appeal from compulsory arbitration is tried de novo before the court and jury and plaintiffs are free to present such evidence as they may have whether it was presented before the arbitrators or not." *Id.* at 312-13, 257 A.2d at 324-25 (citing 5 P.S. §71).

It is clear that Rule 303J, in limiting the scope and content of the subsequent trial, does not permit the "full consideration of the case anew," *Virnelson Motor Vehicle Operator License Case*, 212 Pa. Superior Ct. 359, 367, 243 A.2d 464, 469 (1968), which a trial de novo requires. Despite the obvious policy arguments which can be advanced for Rule 303J we must be careful to observe the delicate balance between the legislature and the courts. As such, we hold that Rule 303J contravenes the express mandate of the Arbitration Act and impermissibly exceeds the rule making authority of the common pleas courts.[6]

Order affirmed.

---

6. It should be noted that we decide this case without reaching the constitutional issues found determinative by the lower court. We may, of course, uphold a decision below if there exists *any* proper basis for the result reached. *Hayes v. Wella Corp.*, 226 Pa Superior Ct. 728, 309 A.2d 817 (1973), to the extent that it is contrary to our decision today, is expressly overruled.

---

DISSENTING OPINION BY CERCONE, J.:

I join in Judge PRICE'S dissenting opinion, but wish to make an additional observation.

Rule 303J provides as follows:

> "*Except by allowance of the court for good cause shown,* no witness, other than an after discovered witness, may be called by a party at any subsequent trial who was not called as a witness by that party at the arbitration hearing." (Emphasis supplied.)

Thus Rule 303J does not absolutely prohibit the calling of a witness at trial who was not called at the arbitration hearing. The Rule contemplates exceptions when extenuating circumstances exist. I believe that this caveat, that is, "except by allowance of the court for good cause shown," preserves the validity of Rule 303J. Where a party voluntarily refrains from calling a witness, or fails to advance a reasonable explanation[1] for not calling the witness, I do not think a rule of court which precludes that witness from testifying at a subsequent trial is inconsistent with either the Constitution or laws of this Commonwealth.

The order of the lower court should be reversed.

---

1. In the instant appeal, among the witnesses called by the plaintiff at the arbitration hearing were Doctors Brewer and Corbett. Dr. Mallory, who plaintiff attempted to call at trial, was not present at the arbitration hearing. The "good cause" offered by plaintiff in her attempt to call Dr. Mallory at trial was that he had refused to appear at the arbitration hearing because he had "urgent medical appointments" on the day of the hearing. The trial judge correctly concluded that this did not constitute "good cause" in light of the fact that plaintiff had elected not to subpoena Doctor Mallory.

---

DISSENTING OPINION BY PRICE, J.:

I must dissent. The Pennsylvania Supreme Court in *Smith Case,* 381 Pa. 223, 231, 112 A.2d 625, 629 (1955), has said on this subject: "All that is required is that the

right of appeal for the purpose of presenting the issue to a jury must not be burdened by the imposition of onerous conditions, restrictions or regulations which would make the right practically unavailable."

Clearly Rule 303J of the Court of Common Pleas of Allegheny County is not such a forbidden rule. It is clear and not capable of misunderstanding. It is a pre-trial rule applying to any trial subsequent to an arbitration hearing. Its obvious purpose is to insure that the proceeding before arbitrators is full and complete and that such an award be based on all of the evidence that is available. It catches the spirit of *Smith Case, supra,* in that it attempts to insure the greatest likelihood that a just decision will result and a corresponding lessening of the likelihood that a litigant will wish to appeal.

If we are to preserve compulsory arbitration as an effective tool in the administration of justice in this Commonwealth, we must protect the integrity and efficacy of the system. I greatly fear the majority opinion will emasculate the system by allowing any party to a case in arbitration to refrain from meaningful participation, gamble on the result, and if the gamble fails, take his appeal and have his case heard. Such a result could not be tolerated and, of course, would be directly contrary to the mandate of *Smith Case, supra,* and to the legislative mandate of the Arbitration Act.

The right to a trial by jury may properly be lost by plaintiffs in such a great variety of ways that I hesitate to attempt a complete listing. Some, certainly beyond challenge in our law today, are default judgments for want of an answer or other necessary pleadings, the bar of the statute of limitations, the application of judgment of non pros., the imposition of appropriate sanctions as authorized under the Rules of Civil Procedure relating to pre-trial matters, and failure to reissue process or serve process.

I deem the rule here involved to be constitutional under *Smith Case, supra,* in complete accord with legis-

lative mandate, and absolutely a proper rule for any of our Courts of Common Pleas to adopt in the best interests of justice and preservation of an efficient arbitration system.

I would, therefore, reverse the order granting a new trial and direct the entry of judgment for appellants pursuant to the jury verdict of May 24, 1974.

VAN DER VOORT, J., joins in this dissenting opinion.