Albright, Appellant, *v.* The Wella Corporation.

Argued April 20, 1976. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, and VAN DER VOORT, JJ. (SPAETH, J., absent).

*Mark B. Aronson*, with him *Behrend and Aronson*, for appellant.

*Charles J. Duffy, Jr.*, with him *Lancaster, Mentzer, Coyne & Duffy*, for appellee.

OPINION BY JACOBS, J., June 28, 1976:

This is an appeal from an order denying appellant's motion for trial by jury entered below. We affirm the order of the lower court for reasons which appear following a review of the relevant facts.

Appellant is the administrator of the estate of Mary Hayes, who, on January 14, 1971, during her lifetime, filed complaints in assumpsit and in trespass against appellee The Wella Corporation to recover damages for personal injuries allegedly suffered as a result of using appellee's products. Following discovery proceedings, plaintiff Mary Hayes' causes were consolidated and ordered to arbitration. An arbitration hearing was held on April 20, 1972 at which counsel for plaintiff chose to produce no evidence. An arbitration award was thereafter entered for defendant with the notation that the plaintiff had not appeared.

On May 2, 1972 plaintiff gave notice of appeal and requested a jury trial. Counsel for defendant The Wella

Corporation then moved for an order precluding plaintiff from offering testimony or producing other evidence at the forthcoming trial *de novo*. This motion was based on the effect of Allegheny County Court of Common Pleas Rule 303J in light of plaintiff's voluntary nonparticipation in the arbitration proceeding. Rule 303J, a local rule of the Allegheny Court of Common Pleas then in force, related to appeals from compulsory arbitration and provided that:

> "[e]xcept by allowance of the court for good cause shown, no witness, other than an after discovered witness, may be called by a party at any subsequent trial who was not called as a witness by that party at the arbitration hearing."

As has been previously noted, plaintiff produced *no* witnesses at the arbitration hearing. In order to overcome the effect of the rule plaintiff's counsel submitted arguments in support of an exception thereto. Plaintiff sought thereby to counter defendant's motion by securing permission from the court for her physician to testify as a witness on her behalf at the subsequent trial. However, the calendar control judge found that plaintiff had not shown good cause why the physician had not testified previously. Consequently, plaintiff having failed to introduce any evidence or testimony at the arbitration hearing or to show good cause why she had not done so, defendant's motion was granted and an order was entered precluding her from "offering testimony from any witness or producing any other evidence at any subsequent hearing or trial of these consolidated actions."

As a result of the preceding plaintiff was unable to present a prima facie case and a compulsory non-suit was granted on September 19, 1972.[1] On September 20,

---

1. The docket reflects, *inter alia*, the following entry:
   "... these consolidated cases having been called to trial and plaintiff unable to produce any witnesses nor any other evidence by virtue of Court Order of Sept. 18, 1972, and Plaintiff having rested without producing any evidence upon Deft. motion, a

1972 plaintiff moved to strike the compulsory non-suits. In support of her motion to strike plaintiff challenged the authority of the Court of Common Pleas of Allegheny County to adopt Rule 303J on the ground that the rule unconstitutionally denied her right to trial by jury.[2] The court en banc refused to strike the non-suit. In an opinion by Judge McLEAN the lower court held that Rule 303J was not unconstitutional. In so holding the lower court reasoned that the right to jury trial was not an absolute right and that Rule 303J subjected that right to reasonable conditions. It further held that by failing to comply with the rule plaintiff had properly lost her right of trial by jury.

Plaintiff subsequently appealed to this Court, at Nos. 24 and 25 April Term, 1973. We affirmed the lower court's ruling, per curiam, on September 19, 1973 and denied plaintiff's petition for reargument on October 15, 1973. Allocatur to our Supreme Court was thereafter sought and was refused, on February 15, 1974. *Hayes v. Wella Corp.*, 226 Pa. Superior Ct. 728, 309 A.2d 817, *allocatur refused*, 226 Pa. Superior Ct. *xxx* (1973).

Subsequently, on October 28, 1975, this Court handed down its opinion in *Weber v. Lynch*, 237 Pa. Superior Ct. 48, 346 A.2d 363 (1975). In that case we affirmed an October 24, 1974 ruling of the Allegheny County Court of Common Pleas, which, on similar facts, held Rule 303J to be invalid. However, in affirming the action of the court below in *Weber* we did not hold, as was argued by the appellants in both *Hayes* and *Weber*, that Rule 303J was unconstitutional. Rather, we held that Rule 303J contravened the express mandate of the Arbitration Act[3]

---

compulsory non-suit is granted in favor of the defendant in each of these consolidated cases." Printed Record at 5A.

2. Plaintiff *did not* claim that the calendar control judge erred in determining that good cause was not shown why her witness should be allowed to testify.

3. Act of June 16, 1836, P.L. 715, *as amended*, 5 P.S. §21 *et seq.* (1963).

and impermissibly exceeded the rule making authority of the courts of common pleas. *Weber v. Lynch*, supra at 54, 346 A.2d at 366.

On or about December 5, 1975 appellant filed the "motion[s] for trial by jury" which are the subject of the instant appeal. Relying on our decision in *Weber v. Lynch*, supra, appellant argued below that, in effect, the invalidity of Rule 303J should be retroactively applied to allow him to reopen and to proceed with *Hayes v. Wella Corp.*, supra. The court below, citing *Haefele v. Davis*, 380 Pa. 94, 110 A.2d 233 (1955) and *Plunket v. Hamnett*, 51 Pa. Superior Ct. 98 (1912), held that plaintiff's cause of action had been finally litigated and that it was without power to alter the decision in *Hayes v. Wella Corp.*, supra.

"A lower court is without power to modify, alter, amend, set aside or in any manner disturb or depart from the judgment of the reviewing court as to any matter decided on appeal. [citations omitted] ... Under any other rule, litigation would never cease, and finality and respect for orderly process would be overcome by chaos and contempt." *Haefele v. Davis*, supra at 98, 110 A.2d at 235; *Blymiller v. Baccanti*, 236 Pa. Superior Ct. 211, 213, 344 A.2d 680, 681 (1975). The court below was correct. Had it granted appellant's motion, the non-suit previously entered would have been effectively stricken.

The court below also noted that *Hayes v. Wella Corp.*, supra, is res judicata or the law of the case as to the present appeal, thereby "preventing a re-opening of the instant litigation." We agree. Just as the lower court could not alter our ruling it was also without power to allow a re-opening of the litigation. Similarly, we may not do so either, under the facts presented here. It is a general rule of law that issues decided by an appellate court on a prior appeal between the same parties will not be reconsidered on a second appeal. *See, e.g., Commonwealth v. Tick, Inc.*, 431 Pa. 420, 246 A.2d 424 (1968); *Delaware River Port Auth. v. Pennsylvania Pub. Util. Comm'n*, 408 Pa. 169, 182 A.2d 682 (1962); *Bonfitto v.*

*Nationwide Mut. Ins. Co.*, 195 Pa. Superior Ct. 546, 172 A.2d 176, *aff'd*, 406 Pa. 184, 177 A.2d 453 (1961); *Burke v. Pittsburgh Limestone Corp.*, 375 Pa. 390, 100 A.2d 595 (1953); *Strauss v. W. H. Strauss & Co., Inc.*, 328 Pa. 72, 194 A. 905 (1937). It is not determinative in the case at bar whether we view this action as another phase of the same case and therefore state that "law of the case" bars a relitigation, *see Burke v. Pittsburgh Limestone Corp.*, supra; *see also Commonwealth v. Tick, Inc.*, supra, or, if we characterize this appeal as an attempt to reopen the same question on the same cause of action and hold that res judicata bars it, *see Haines Industries, Inc. v. Allentown*, 237 Pa. Superior Ct. 188, 355 A.2d 588 (1975). Based on either doctrine, the court below properly recognized that the former decision could not be disturbed.

Although the lower court's conclusion that law of the case *or* res judicata bars reopening this case is basically accurate as noted above, we would be remiss if we failed to note that res judicata is more properly applicable on the present facts.[4] The issue raised by this appeal is the same issue resolved on the prior appeal. The parties in this case are privies to the parties in the original case. *See Burke v. Pittsburgh Limestone Corp.*, supra at 395, 100 A.2d at 598. The thing sued for and the causes of action are the same. All of the various identities necessary to application of the doctrine of res judicata

---

4. The doctrines of law of the case and of res judicata are distinguished in *Burke v. Pittsburgh Limestone Corp.*, 375 Pa. 390, 100 A.2d 595 (1953). Concerning the former, it was said in *Burke* that "[t]he doctrine of 'the law of the case' is that, when an appellate court has considered and decided a question submitted to it on appeal, it will not, upon a subsequent appeal on another phase of the same case, reverse its previous ruling even though convinced that it was erroneous..." *Id.* at 394, 100 A.2d at 598. Concerning the latter it was said that "[a] final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the same parties or their privies, on the same cause of action." *Id.* at 395, 100 A.2d at 598.

are present. *See Stevenson v. Silverman*, 417 Pa. 187, 208 A.2d 786, *cert. denied*, 382 U.S. 833 (1965); *Martin v. Poole*, 232 Pa. Superior Ct. 263, 336 A.2d 363 (1975). There is no question but that appellant, by this appeal, seeks to reopen and relitigate the same case on the same issue in order to obtain the same result as was sought in the previous appeal. *Hayes v. Wella Corp.*, supra, is therefore res judicata as to this appeal.

In the face of the preceding appellant nevertheless argues that our decision in *Weber v. Lynch*, supra, vitiates the conclusiveness of our prior determination in *Hayes*.[5] Part and parcel to this contention is appellant's claim that *Hayes* was erroneously decided and that this fact should preclude the operation of the res judicata doctrine. We note initially that *Hayes* and *Weber* are not totally inconsistent. In *Hayes* we affirmed the lower court's ruling that Rule 303J was not unconstitutional. In *Weber*, although the court below had held that Rule 303J *was* unconstitutional, we did not affirm the lower court's decision that the rule was invalid on that basis. In fact, we specifically declined to reach the constitutional issue. *Weber* did not, therefore, alter the holding implicit in our affirmance in *Hayes*. *Weber* does not hold that Rule 303J was unconstitutional; neither did *Hayes*.

Moreover, even if we were to acknowledge that *Hayes* was erroneously affirmed, the result in this case would be unaffected. The "mere fact that an appellate court later decides in another case that the principle of law announced or established in an earlier litigation, since terminated, is improper, does not vitiate the effect of the earlier case," *Delaware River Port Auth. v. Pennsylvania Pub. Util. Comm'n*, supra at 176, 182 A.2d at 685, and, "... a subsequent decision revealing a prior decision to be in error does not preclude the application

---

5. We stated in *Weber v. Lynch*, 237 Pa. Superior Ct. 48, 54 n.6, 346 A.2d 363, 366 n.6 (1975) that: "Hayes v. Wella Corp., 226 Pa. Superior Ct. 728, 309 A.2d 817 (1973), to the extent that it is contrary to our decision today, is expressly overruled."

of the doctrine of res judicata." *Id.* at 177, 182 A.2d at 686. Furthermore, as has been stated in *Burke v. Pittsburgh Limestone Corp.*, supra at 396-97, 100 A.2d at 599, "Restatement, Judgments, §1, reads: 'Where a reasonable opportunity has been afforded to the parties to litigate a claim before a court which has jurisdiction over the parties and the cause of action, and the court has finally decided the controversy, the interests of the State and of the parties require that the validity of the claim and any issue actually litigated in the action shall not be litigated again by them.' The comment, b, states: 'The principle stated in this Section is applicable although the judgment was erroneous, either on the law or on the facts. The unsuccessful party has an opportunity to attack the judgment by steps properly taken in the action in which the judgment is rendered. He may take proceedings in the trial court to have the judgment set aside. He may take proceedings in an appellate court to have it reversed. He cannot, however, in a subsequent action relitigate the matters determined by the judgment.' Thus any mistakes in the original judgment are wrapped up in that judgment and cannot be inquired into thereafter." (Footnote by the court omitted).

Appellant also seeks to traverse the effect of the res judicata doctrine upon the case at bar by asserting that the decision in *Hayes v. Wella Corp.* was not "on the merits." Appellant argues that res judicata cannot apply here because the previous ruling was based on a procedural point, appellant's case never having been presented. We are unable to agree that the former adjudication was not on the merits.[6] We first observe that

6. An aspect of appellant's claim that the decision previously made was not on the merits is his contention that *Hayes v. Wella Corp.*, supra, only made a procedural determination. Even if we view this controversy as one in which a procedural rule was previously affirmed and subsequently modified, the result would not be different. It is well-settled that procedural rights are determined by the law in force when the action is instituted. *See Sussman v. Yaffee*, 443 Pa. 12, 275 A.2d 364

while appellant never *presented* this case on the merits, that situation did not result from a lack of *opportunity* to do so. Had appellant's decedent complied with the rule then in force, she would have been able to present her case; furthermore, no attempt was made to present it. The record reflects that plaintiff rested her case without attempting to call any witnesses. Secondly, we note that a compulsory non-suit was entered in the original case. After the compulsory non-suit was sustained by the court en banc and that action was affirmed by this Court, our Supreme Court having denied allocatur, a final and binding adjudication, on the merits, was made. Our cases hold that a final decision denying a motion to take off a compulsory non-suit is a decision "on the merits" for purposes of determining if a subsequent action may be commenced. *See Central Pennsylvania Lumber Co. v. Carter,* 348 Pa. 429, 35 A.2d 282 (1944); *Fitzgerald v. Chapman,* 209 Pa. Superior Ct. 516, 229 A.2d 12 (1967). That such a judgment is conclusive "on the merits" is further demonstrated by the effect given to a compulsory non-suit by our Rules of Civil Procedure. Pa.R.C.P. 231(b) provides that "[a]fter the entry of a compulsory non-suit the plaintiff may not commence a second action upon the same cause of action." *See also,* 1 Std. Pa. Pract. §231(b)-5. It is clear that *Hayes v. Wella Corp.* was a decision on the merits for the purposes of the instant controversy.

Order affirmed.

PRICE and VAN DER VOORT, JJ., concur in the result.

SPAETH, J., did not participate in the consideration or decision of this case.

---

(1971); *Schladensky v. Ellis,* 442 Pa. 471, 275 A.2d 663 (1971); *Wenzel v. Morris Distributing Co., Inc.,* 439 Pa. 364, 266 A.2d 662 (1970); *Kilian v. Allegheny County Distributors, Inc.,* 409 Pa. 344, 185 A.2d 517 (1962). At the time that this action was instituted Rule 303J was clearly in effect. Furthermore, appellant's decedent's attempt to effect a change in the procedure was not successful.