## Reese v. State Farm Mutual Automobile Insurance Company

*Joseph A. Monaco,* for plaintiffs.
*Thomas B. Ringe III* and *John J. McGrath,* for defendant.

LEHRER, *J.,* March 28, 1989 — On February 1, 1989, this court entered an order striking plaintiffs' appeal from a compulsory arbitration award, but

denying defendant's request for attorney's fees. As plaintiffs have appealed this order and defendant has cross-appealed, this opinion is rendered to set forth the reasons therefor.

## FACTS AND PROCEDURAL HISTORY

On December 31, 1987, plaintiffs filed this action against State Farm Mutual Automobile Insurance Company, each seeking less than $20,000 in damages. The Uniform Arbitration Act, 42 Pa.C.S. §7361(a), in conjunction with Philadelphia Local Rule 180(I)(A), mandates that plaintiffs' case first be submitted to the Arbitration Program of the Philadelphia Court of Common Pleas and be heard by a board of three arbitrators.

On September 23, 1988, the date of the scheduled arbitration hearing, plaintiffs appeared with counsel at the Arbitration Center; however, when advised that State Farm intended to have a stenographic record made of the hearing (as permitted under Pa.R.C.P. 1304(c)), plaintiffs' counsel advised her clients to leave. Consequently, neither plaintiff testified, or was present at the arbitration hearing. The arbitrators then entered an award in favor of State Farm against plaintiffs and in favor of plaintiffs against State Farm on the counterclaim. Thereafter, plaintiffs appealed.

## DISCUSSION

The Uniform Arbitration Act directs that those matters specified by rule, in this case Philadelphia Local Rule 180, "shall first be submitted to and heard by a board of three members of the bar of the court." 42 Pa.C.S. §7361(a). (emphasis supplied) This requirement for compulsory arbitration admits no exception for the present case. Nevertheless,

appellants failed to appear at their own hearing upon instructions of their counsel. That deliberate disregard for the requirements for compulsory arbitration precludes appellants from now demanding a trial de novo.

In *Hall v. Reeb,* 136 Pitts. Leg. J. 299 (1988), the Court of Common Pleas of Allegheny County, under similar circumstances, quashed the plaintiffs' appeal from the arbitrators' award against them. In quashing that appeal, the court stated, and we agree, that:

"The legislatively mandated compulsory arbitration system was designed to help reduce the mass of civil litigation by diverting many cases away from the more time-consuming and costly judge and/or jury trials with beneficial effects on litigants, the court system generally and ultimately the taxpayers and general public in the efficient administration of justice:

"It would be absurd and unjust and a perversion of legislative intent evidenced by the General Assembly in enacting section 7361 of the Uniform Arbitration Act were a litigant permitted to short-circuit the carefully laid out compulsory judicial arbitrations scheme envisioned by the legislature.

. . .

"The act of deliberate refusal to first submit a case to a Board of Arbitrators before submitting it to a judge and/or jury is a far more conscious act. The conscious disregard of a legislative doctrine to 'first submit' the case to a Board of Arbitrators should equally constitute a waiver of a subsequent judge or jury trial." 136 Pitts. Leg. J. at 300-1. See also in accord, under the federal local rules, *New England Merchants National Bank v. Hughes,* 556 F.Supp. 712 (E.D. Pa. 1983).

To allow appellants to appeal de novo would, in effect, provide a vehicle for avoiding compulsory arbitration in Philadelphia. This would defeat the will of the legislature and the rules of court which have the purpose of lessening the trial load of the common pleas courts and the speedy disposition of litigation.

The right of appeal is not absolute in arbitration since the purpose of arbitration is to end litigation. *Albright v. The Wella Corporation,* 240 Pa. Super. 563, 359 A.2d 460 (1976). There has been no good cause shown for appellants' failure to attend.

The Pennsylvania legislature has authorized an award of counsel fees as a sanction "against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter" or "because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith." 42 Pa.C.S. § §2503(7), (9). Plaintiffs' deliberate failure to appear and testify at the compulsory arbitration hearing of their own case might, in futuro, constitute such dilatory, arbitrary and bad faith conduct, but not at this time. Prospectively and after an appellate order, if this decision is affirmed, such conduct must also result in the award of counsel fees.