J-A01032-21

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BLUE HAVEN POOLS, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| SKIPPACK BUILDING CORPORATION, | : | |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BS TRUST, EB TRUST, JE TRUST AND | : | |
| SJ TRUST, GARNISHEES, | : | |
| | : | |
| Appellees | : | No. 1999 EDA 2019 |

Appeal from the Order Entered June 28, 2019
in the Court of Common Pleas of Montgomery County
Civil Division at No(s): 05-26165

BEFORE:    BENDER, P.J.E., OLSON, J. and STRASSBURGER, J.*

MEMORANDUM BY OLSON, J.:                    **FILED JULY 13, 2021**

Blue Haven Pools (Blue Haven) appeals from the trial court's order entered on June 28, 2019, which denied Blue Haven's motion for a jury trial. For the following reasons, we affirm.

We briefly summarize the relevant factual and procedural history of this case as follows.  On November 1, 2005, Blue Haven filed a civil action for breach of contract against Skippack Building Corporation (Skippack), citing Skippack's failure to make payments due on a construction contract.

Following a bench trial, the trial court entered judgment on November 1, 2010, in favor of Blue Haven and against Skippack in the amount of

*Retired Senior Judge assigned to the Superior Court.

$74,131.73, which was later reassessed at $94,754.10.[1] Since that time, Blue Haven has attempted unsuccessfully to enforce the 2010 judgment against Skippack and its shareholders, BS Trust, EB Trust, JE Trust, and SJ Trust (collectively, Garnishees) through garnishment proceedings.

Specifically, Blue Haven initiated garnishment proceedings in 2011 by filing a praecipe for a writ of execution against Garnishees pursuant to Pennsylvania Rule of Civil Procedure 3103.[2] The sheriff served the writ of execution and interrogatories in attachment pursuant to Rule 3117[3] on Garnishees in October 2011, thereby automatically attaching any of Skippack's property in Garnishees' possession. Following discovery in aid of execution, in 2012, Blue Haven filed a motion for judgment against Garnishees pursuant to Rule 3147,[4] which sought to recover the 2010 judgment. Blue

---

[1] We shall refer to this sum as the 2010 judgment.

[2] We shall refer to this matter as the 2011 garnishment action. Rule 3103 provides in relevant part that "[e]xecution shall be commenced by filing a praecipe for a writ of execution with the prothonotary of any county in which judgment has been entered." Pa.R.C.P. 3103(a).

[3] Rule 3117 permits a plaintiff, after judgment, to engage in discovery of a defendant's assets by obtaining written interrogatories from a garnishee. Pa.R.C.P. 3117(a).

[4] Rule 3147 provides as follows.

> If the court enters judgment for the plaintiff and against the garnishee upon pleadings or after trial, the judgment shall be for the property of the defendant found to be in the garnishee's possession, but no money judgment entered against the

*(Footnote Continued Next Page)*

Haven averred that Skippack fraudulently transferred nearly $500,000.00 to Garnishees in 2006 and 2008 during the pendency of the 2005 breach-of-contract action, leaving Skippack with only $375.00 in assets. Blue Haven sought to void the transfers. It also sought to garnish property of the Garnishees, arguing that the property was actually Skippack's because Skippack loaned Garnishees money that Garnishees needed to repay. In support, Blue Haven pointed to Skippack's initial classification of a portion of the transferred funds as loans to shareholders in its 2008 and 2009 tax returns.

Skippack filed a response, arguing that the court should deny Blue Haven's motion on the merits because the initial classification of $231,573.00 of the transferred funds as loans rather than distributions was merely for tax purposes. According to Skippack, there was never an actual loan and, therefore, no property subject to garnishment. Furthermore, Skippack argued that the case was proceeding pursuant to Rule 3118[5] and as such, even if Blue

---

garnishee shall exceed the amount of the judgment of the plaintiff against the defendant together with interest and costs.

Pa.R.C.P. 3147.

[5] Rule 3118 provides in pertinent part as follows.

(a) On petition of the plaintiff, after notice and hearing, the court in which a judgment has been entered may, before or after the issuance of a writ of execution, enter an order against any party or person

*(Footnote Continued Next Page)*

- 3 -

J-A01032-21

Haven were correct that it fraudulently transferred funds, Blue Haven could not use Rule 3118 to secure supplemental relief by voiding a fraudulent transfer in aid of execution.

Following conferences with the parties, the trial court held Blue Haven's motion in abeyance pending the resolution of procedural issues. The certified record neither explains what the procedural issues were nor how they were resolved, but, afterwards, Blue Haven issued amended interrogatories. After the completion of discovery, the parties jointly filed a praecipe for a non-jury

---

(1) enjoining the negotiation, transfer, assignment or other disposition of any security, document of title, pawn ticket, instrument, mortgage, or document representing any property interest of the defendant subject to execution;

(2) enjoining the transfer, removal, conveyance, assignment or other disposition of property of the defendant subject to execution;

(3) directing the defendant or any other party or person to take such action as the court may direct to preserve collateral security for property of the defendant levied upon or attached, or any security interest levied upon or attached;

(4) directing the disclosure to the sheriff of the whereabouts of property of the defendant;

(5) directing that property of the defendant which has been removed from the county or concealed for the purpose of avoiding execution shall be delivered to the sheriff or made available for execution; and

(6) granting such other relief as may be deemed necessary and appropriate.

Pa.R.C.P. 3118(a).

- 4 -

trial, and the trial court conducted a non-jury trial on March 6, 2014. At trial, in addition to testimony, both parties presented arguments about a disagreement over the scope and procedural posture of the trial, although it appears the parties agreed that they were proceeding pursuant to Rule 3118. In its argument, Blue Haven claimed that although the hearing was proceeding according to Rule 3118, the trial court was nevertheless entitled to hear evidence of, and decide, a fraudulent conveyance claim. *Id.* at 6 ("[W]e contend that there were fraudulent transfers in connection with this case, and under 3118, Your Honor is entitled to entertain evidence in that respect."). Skippack, on the other hand, continued to maintain its position that the 2011 garnishment action was strictly a proceeding for supplementary relief in aid of execution pursuant to Rule 3118 and the hearing was narrow in scope. In Skippack's view, the only issue for the trial court was whether, in 2011, Garnishees possessed or controlled property of Skippack that Blue Haven could garnish to satisfy the 2010 judgment, not whether Skippack fraudulently conveyed money to Garnishees prior to 2011. *Id.* at 8-10.

After hearing argument and receiving evidence, the trial court ordered post-trial briefing by the parties. In their post-trial briefs, the parties continued to dispute the scope and procedural posture of the trial. On November 13, 2014, the trial court found in favor of Skippack and Garnishees. In reviewing the procedural history, the trial court found that Garnishees denied possessing any property of or owing any money to Skippack at the

time Blue Haven served the writs of execution. Subsequently, Blue Haven sought a hearing in aid of execution pursuant to Rule 3118. Trial Court Decision, 11/13/2014, at ¶¶ 7-8. Based upon binding precedent from our Supreme Court, the trial court concluded that absent a waiver by the parties, a trial court lacks authority to adjudicate a fraudulent transfer claim in a garnishment proceeding and a plaintiff must instead bring a separate action in equity. *See* Trial Court Opinion, 7/15/2016, at 11, *citing* **Greater Valley Terminal Corp. v. P.J. Goodman**, 202 A.2d 89, 93 (Pa. 1964) (holding supplementary proceedings, *i.e.*, proceedings under Rule 3118, may not be used to adjudicate conflicting rights or claims made in good faith to property in the possession of third persons, as it deprives defendants in such actions of the protection afforded by the safeguards of a full hearing). Blue Haven timely filed a post-trial motion for judgment notwithstanding the verdict, requesting the trial court enter judgment in its favor based on Skippack's allegedly fraudulent transfers. The trial court denied this motion on March 23, 2015.

Prior to the entry of judgment in the 2011 garnishment action, Blue Haven filed a notice of appeal to this Court. Initially, this Court deemed the appeal to be premature and directed Blue Haven to praecipe the trial court prothonotary to enter judgment. Blue Haven complied and the March 23, 2015 order was reduced to judgment on January 23, 2017. Following the perfection of jurisdiction, on April 3, 2017, this Court affirmed the judgment on the basis of the trial court's opinion. **Blue Haven Pools v. Skippack**

***Building Corp.****,* 2017 WL 1227101 (Pa. Super. 2017) (unpublished memorandum).

In our decision, this Court specifically noted that the appeal involved an issue of "the procedural posture by which [Blue Haven] attempted to void the fraudulent transfer[.]" ***Id.*** at *1. Upon review, we held that the trial court properly concluded it lacked authority to adjudicate the fraudulent transfer claim in a Rule 3118 garnishment proceeding, explaining as follows.

> [Blue Haven] avers that … Skippack's distributions to Garnishees were fraudulent transfers, and that the trial court erred in concluding that it was precluded from adjudicating the merits of a fraudulent transfer claim in a garnishment proceeding brought pursuant to Pa.R.C.P. No. 3118. [The trial court's opinion] includes a comprehensive, thorough, and well-reasoned discussion of this claim, with citations to the record and relevant case law. After a careful review of the parties' arguments, and the record, we affirm on the basis of that [o]pinion, which recognized binding precedent from our Supreme Court holding that, absent a waiver by the parties, a trial court may not properly adjudicate a fraudulent transfer claim in a garnishment proceeding, and a plaintiff must instead bring a separate action in equity. Trial Court Opinion at 17–25 (*citing, inter alia,* ***Greater Val. Terminal Corp. v. Goodman***, 202 A.2d 89 (1964)). In the instant case, … Skippack and Garnishees did not waive their objection to the trial court['s] adjudicating the fraudulent transfer claim; accordingly, the trial court properly concluded that it was without authority to hear the matter.

***Id.*** at *2-3.

Additionally, this Court addressed Blue Haven's alternate theory that it raised a fraudulent transfer claim under Rule 3147, not Rule 3118. This Court determined Blue Haven waived this issue and that it lacked merit, even if it were properly preserved. Specifically, we held as follows.

> At oral argument, Appellant raised a third theory of relief, arguing that the fraudulent transfer claim was raised under Pa.R.C.P. No. 3147, and not pursuant to Pa.R.C.P. No. 3118. Appellant [] waived this argument by failing to develop it in its Brief to this Court. **See Commonwealth v. Hardy,** 918 A.2d 766, 771 (Pa. Super. 2007). Moreover, Rule 3147 applies **after** a court has entered judgment for a plaintiff against a garnishee upon pleadings or after trial; nothing in Rule 3147 authorizes a plaintiff to file pleadings or request a trial. **See** Pa.R.C.P. No. 3147 ("If the court enters judgment for the plaintiff and against the garnishee upon pleadings or after trial, the judgment shall be for the property of the defendant found to be in the garnishee's possession, but no money judgment entered against the garnishee shall exceed the amount of the judgment of the plaintiff against the defendant together with interest and costs.")

**Id.** at *3 n.2 (emphasis in original).

Blue Haven filed a motion for reconsideration with this Court. On April 20, 2017, while Blue Haven's motion was still pending, Garnishees filed in the trial court a motion to award attorneys' fees pursuant to 42 Pa.C.S. § 2503(a)(3).[6] On May 30, 2017, Blue Haven filed a response, arguing Skippack was not entitled to attorneys' fees because the trial court had yet to determine whether there was a fraudulent transfer, and the matter was still pending on appeal.

---

[6] This subsection provides as follows.

> The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter: … [a] garnishee who is found to have in his possession or control no indebtedness due to or other property of the debtor except such, if any, as has been admitted by answer filed.

42 Pa.C.S. § 2503(a)(3).

Meanwhile, following this Court's denial of Blue Haven's motion for reconsideration in the 2011 garnishment action, Blue Haven filed a petition for allowance of appeal with our Supreme Court. The Supreme Court denied the petition on December 13, 2017. ***Blue Haven Pools v. Skippack Building Corp., and BS Trust, EB Trust, JE Trust and SJ Trust, Garnishees***, 176 A.3d 845 (Pa. 2017). Blue Haven did not pursue further appellate review.

On January 3, 2018, the trial court convened a conference on Garnishees' still-pending motion for attorneys' fees. Notwithstanding the Supreme Court's denial of its petition for allowance of appeal, Blue Haven insisted at the conference that it was still entitled to a jury trial in the 2011 garnishment action on the issue of a fraudulent transfer. ***See*** Trial Court Order, 1/3/2018, at 1. The trial court ordered Blue Haven to file a pleading in support of this position. ***Id.***

On January 17, 2018, Blue Haven filed the underlying motion for a jury trial with the trial court under the same docket number as the 2011 garnishment action. In its motion, Blue Haven claimed that it was entitled to a jury trial under Rule 3147. Motion for Jury Trial, 1/17/2018, at ¶ 9. Skippack filed a response to Blue Haven's motion on January 30, 2018. Therein, Skippack averred that the trial court, this Court, and our Supreme Court already ruled that Rule 3147 does not apply and that the procedure contemplated under Rule 3118 did not permit the adjudication of a fraudulent

- 9 -

conveyance between Skippack and Garnishees. Skippack asserted Blue Haven must file a separate action to initiate such proceedings and Blue Haven failed to do so. The trial court heard argument on April 26, 2018. On June 28, 2019,[7] the trial court denied Blue Haven's motion, explaining that Blue Haven "could have requested a jury trial at multiple junctures," already "had its day in court," and "is now requesting, but is not entitled to, a second bite at the apple." Trial Court Order, 6/28/2019, at 1.

On July 10, 2019, Blue Haven filed a notice of appeal from the June 28, 2019 order. The trial court directed Blue Haven to file a concise statement pursuant to Pa.R.A.P. 1925(b). Both Blue Haven and the trial court complied with the mandates of Rule 1925. On August 8, 2019, this Court issued a rule to show cause order as to why the appeal should not be dismissed or quashed. Order, 8/8/2019, at 2 (unpaginated). In its August 19, 2019 response, Blue Haven asserted that this appeal should not be dismissed or quashed because the issues raised in the instant appeal were not adjudicated in the prior appeal at **Blue Haven Pools**, **supra**. This Court discharged the rule to show cause order and referred the issue to the merits panel for disposition.

Blue Haven raises the following issues on appeal:

1.     Whether the trial [c]ourt erred in denying [Blue Haven's] request for a trial, by jury, to adjudicate conflicting rights to title to property of [Skippack], including property fraudulently transferred by [Skippack] to its only shareholders, the

---

[7] Nothing in the record explains the delay between argument and the order denying Blue Haven's motion.

- 10 -

Garnishees, pursuant to Pa.R.C.P. 3140, *et. seq.* as instructed by ***Greater Valley Terminal Corp.***, 202 A.2d at 89?

2. Whether the trial [c]ourt erred in precluding the adjudication of conflicting rights to title to property of [Skippack], including property fraudulently transferred by [Skippack] to its only shareholders, the Garnishees, in a trial, by jury, pursuant to Pa.R.C.P. 3140, *et. seq.* as instructed by ***Greater Valley Terminal Corp.***, 202 A.2d at 89 since in the previous hearing the [trial c]ourt declined to make such an adjudication because the [trial c]ourt determined the previous hearing to be a proceeding for supplementary relief in aid of execution pursuant to Pa.R.C.P. 3118 in which the [trial c]ourt lacked the authority to make such an adjudication?

Blue Haven's Brief at 5 (citation format altered).

Preliminarily, we must consider the procedural posture of this appeal. Blue Haven asserts this Court is able to decide the issues it presents because "there was no decision or adjudication of the transactions between Skippack [and] Garnishees, including fraudulent transfers between them, or the validity of the transfers, or any determination of the conflicting rights or claims to property transferred." Blue Haven's Brief at 35.

Blue Haven's analysis misses the mark. As discussed *supra*, the trial court found in favor of Skippack and Garnishees on November 13, 2014, in the 2011 garnishment action. This judgment was affirmed by this Court. Our Supreme Court declined to grant Blue Haven's petition for allowance of appeal. Thus, at the time Blue Haven filed the underlying motion for a jury trial, the only pending matter before the trial court was one ancillary to the judgment, *i.e.*, Garnishees' request for attorneys' fees pursuant to 42 Pa.C.S. § 2503(a)(3). "Pennsylvania law is well established that a petition for

- 11 -

attorneys' fees is an ancillary matter, which the trial court retains authority to decide after entry of judgment on the verdict." ***Samuel-Bassett v. Kia Motors America, Inc.***, 34 A.3d 1, 49 (Pa. 2011).[8]

The same cannot be said for a non-prevailing party's request for a jury trial after judgment has been entered and affirmed by this Court with further review declined by our Supreme Court. Once a cause of action has been litigated to finality in the trial court and affirmed on appeal by this Court, and further review has been exhausted in the appellate courts, "a final and binding adjudication, on the merits," has occurred. ***Albright v. Wella Corp.***, 359 A.2d 460, 464–65, (Pa. Super. 1976) (*en banc*). Orderly procedure mandates that parties' rights in "litigation be conclusively adjudicated on appeal." ***Blymiller v. Baccanti***, 344 A.2d 680, 681 (Pa. Super. 1975). Therefore, as our Supreme Court has explained,

> [a] lower court is without power to modify, alter, amend, set aside or in any manner disturb or depart from the judgment of the reviewing court as to any matter decided on appeal. Under any other rule, litigation would never cease, and finality and respect for orderly processes of law would be overcome by chaos and contempt.

***Haefele v. Davis***, 110 A.2d 233, 235 (Pa. 1955) (citation omitted).

---

[8] Relatedly, we acknowledge that the issues raised in this Court's rule to show cause order were referred to this panel for final disposition. We exercise appellate jurisdiction over this appeal pursuant to Pa.R.A.P. 341 to determine whether the trial court's June 28, 2019 order denying Blue Haven's motion for a jury trial correctly disposed of the claims between the parties in this matter. ***See Koch v. Hershaw***, 655 A.2d 1011 (Pa. Super. 1995) (applying law of the case doctrine to review claim alleging that trial court improperly implemented mandate of prior Superior Court ruling).

- 12 -

In **Albright**, this Court addressed the authority of a trial court to consider a request for a jury trial after the entry of judgment in the trial court and the conclusion of litigation challenging the validity of the judgment on appeal. Albright, who sued Wella Corporation based on injuries she allegedly sustained due to Wella Corporation's products, did not present evidence at an arbitration hearing in the matter. **Albright**, 359 A.2d at 461. Following an arbitration award in favor of Wella Corporation, Albright appealed to the trial court, requesting a jury trial. **Id.** at 462. The trial court denied Albright's request based upon a local procedural rule, which generally prohibited a party from calling any witness who it had not called at the arbitration hearing. **Id.** Because the rule in effect prevented Albright from presenting evidence to establish a *prima facie* case, the trial court entered a compulsory nonsuit against Albright. **Id.** Subsequently, the trial court denied Albright's motion to strike the nonsuit, ruling that Albright had ceded her right to a trial by jury. **Id.** On appeal, this Court affirmed, and our Supreme Court denied Albright's request for *allocatur*. **Id.**

Notwithstanding the arbitration award and her exhaustive appeals of that award, Albright then filed with the trial court what she entitled a "motion for trial by jury," arguing that she had the right to a jury trial based upon a new decision issued by the Supreme Court in an unrelated matter. **Id.** The trial court refused to hold a hearing based upon the finality of the judgment

of this Court. Hence, the court entered an order denying Albright's motion. *Id.*

Albright appealed again. This Court agreed with the trial court that pursuant to **Haefele**, the trial court did not possess the power to alter our ruling or permit "a reopening of the litigation." **Albright**, 359 A.2d at 463. Furthermore, we determined that we, too, lacked the ability to reopen the litigation because "issues decided by an appellate court on a prior appeal between the same parties will not be reconsidered on a second appeal." *Id.* We observed that "[i]t is not determinative in the case at bar whether we view this action as another phase of the same case and therefore state that 'law of the case' bars a relitigation, or, if we characterize this appeal as an attempt to reopen the same question on the same cause of action and hold that *res judicata* bars it." *Id.* (citation omitted). This was because "the former decision could not be disturbed" under "either doctrine."[9] *Id.* Nevertheless,

---

[9] As this Court has explained, the doctrines of *res judicata*, collateral estoppel, and law of the case are quite similar.

> Under the doctrine of *res judicata*, or claim preclusion, a final judgment on the merits by a court of competent jurisdiction will bar any future action on the same cause of action between the parties and their privies. The doctrine therefore forbids further litigation on all matters which might have been raised and decided in the former suit, as well as those which were actually raised therein. Similarly, [t]he doctrine of collateral estoppel or issue preclusion prevents a question of law or an issue of fact that has once been litigated and fully adjudicated in a court of competent jurisdiction from being relitigated in a subsequent suit.

*(Footnote Continued Next Page)*

we determined that *res judicata* was most applicable because the issue raised in the second appeal was the same issue resolved in the prior appeal, the parties were privies to the parties in the original case, and "[t]he thing sued for and the causes of action [we]re the same." ***Albright***, 359 A.2d at 463. Because Albright sought "to reopen and relitigate the same case on the same issue in order to obtain the same result as was sought in the previous appeal," the prior appeal operated as *res judicata* to the second appeal. ***Id.*** Accordingly, we affirmed the trial court's order.

Under ***Albright***, this Court's affirmance of the judgment in the 2011 garnishment action conclusively established the parties' rights in that action. Not only did Blue Haven have the opportunity to argue its position to the trial court and this Court that it was entitled to a jury trial in the 2011 garnishment action based on Rule 3147, it advanced this argument before both tribunals. This Court determined that Blue Haven waived the argument by failing to brief it to this Court and alternatively rejected the claim on the merits. ***See Blue***

---

While *res judicata* and collateral estoppel apply to bar relitigation of claims or issues in a subsequent action that were subject to a final judgment in a prior action, the law of the case doctrine exists to prevent a party from relitigating claims or issues that have been resolved previously within the same action, either in a prior appeal or by a judge of coordinate jurisdiction.

All three doctrines are based upon similar policy determinations, including the idea that a party should not get a second bite at the apple when he or she had a full and fair opportunity the first time.

***Pollock v. Nat'l Football League***, 171 A.3d 773, 781–82 (Pa. Super. 2017) (citations omitted).

***Haven Pools***, 2017 WL 1227101, at *3 n.2.  The affirmance of the trial court's judgment and subsequent exhaustion of appellate remedies conclusively determined the parties' rights in the 2011 garnishment action.  Blue Haven's attempt to resurrect or reopen the 2011 garnishment action via Garnishees' ancillary motion for attorneys' fees was improper.  Neither the trial court nor this Court has the authority to reopen the 2011 garnishment action now that it has been litigated to finality.  ***Haefele***, 110 A.2d at 235; ***Albright***, 359 A.2d at 463–65.  The issues Blue Haven seeks to have this Court decide on appeal were decided in ***Blue Haven Pools***, ***supra.***, an action involving the same parties, the same causes of action, and the same goal, *to wit* an attempt to recover the 2010 judgment.  ***Blue Haven Pools*** operates as *res judicata* to the instant appeal.  ***Albright***, 359 A.2d at 464-65.  Accordingly, we agree with the trial court that Blue Haven already "had its day in court," and "is not entitled to… a second bite at the apple."  Trial Court Order, 6/28/2019, at 1. Because no relief is due, we affirm the order of the trial court.

Order affirmed.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/2021