HEALTH CARE & RETIREMENT CORPORATION OF AMERICA, d/b/a/ Liberty Nursing & Rehabilitation Center, Appellee

v.

John PITTAS, Incorrectly Identified as John Pettas, Appellant.

Superior Court of Pennsylvania.

Submitted December 7, 2011.

Filed May 7, 2012.

Reargument Denied July 18, 2012.

John P. Karoly, III, Allentown, for appellant.

Kirk S. Sohonage, Harrisburg, for appellee.

BEFORE: FORD ELLIOTT, P.J.E., BOWES and OLSON, JJ.

OPINION BY OLSON, J.:

Appellant, John Pittas, appeals from the judgment entered April 13, 2011, in favor of Appellee, Health Care and Retirement Corporation of America ("HCR"). We affirm.

The record reflects the relevant factual and procedural background of this matter as follows:

On or about September 24, 2007, after completing rehabilitation for injuries sustained in a car accident, Appellant's mother was transferred to an HCR facility for skilled nursing care and treatment. Appellant's mother resided in the facility and was treated by HCR until March of 2008. In March of 2008 Appellant's mother withdrew from the HCR facility and relocated to Greece.

A large portion of the bills incurred by Appellant's mother due and owing to HCR went unpaid. As a result, on or about May 12, 2008, HCR instituted a filial support action against Appellant. Pursuant to 23 Pa.C.S.A. § 4603, entitled "Relatives' liability," HCR sought to hold Appellant liable for the outstanding debt incurred as a result of his mother's treatment and care.

The parties submitted the case to arbitration, whereupon a three-member arbitration panel found in favor of Appellant. HCR appealed the arbitration award to the trial court. The trial court held a three-day non-jury trial, after which it entered a verdict in favor of HCR in the amount of $92,943.41. Appellant filed post-trial motions, which the trial court denied on January 13, 2011. This timely

appeal followed.[1]

Appellant presents three issues on appeal:

Did the trial court commit reversible error or abuse its discretion in determining the burden of proof was on the [Appellant] to prove his inability to support his "indigent" mother?

Did the trial court commit reversible error or abuse its discretion in not considering alternate sources of income to satisfy the alleged support obligation?

Did the trial court commit reversible error or abuse its discretion in deciding [Appellant's mother] was indigent, without competent evidence to do so?

Appellant's Brief at 4.[2]

 In beginning our review, we note that:

[o]ur appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, [where] the issue ... concerns a question of law, our scope of review is plenary.

*Wyatt Inc. v. Citizens Bank of Pennsylvania,* 976 A.2d 557, 564 (Pa.Super.2009) (citations omitted).

Appellant's first issue on appeal challenges the trial court's application of 23 Pa.C.S.A. § 4603. Pursuant to that statute:

(a) Liability.—

(1) Except as set forth in paragraph (2), all of the following individuals have the responsibility to care for and maintain or financially assist an indigent person, regardless of whether the indigent person is a public charge:

(i) The spouse of the indigent person.

(ii) A child of the indigent person.

(iii) A parent of the indigent person.

(2) Paragraph (1) does not apply in any of the following cases:

(i) If an individual does not have sufficient financial ability to support the indigent person.

(ii) A child shall not be liable for the support of a parent who abandoned the child and persisted in the abandonment for a period of ten years during the child's minority.

23 Pa.C.S.A. § 4603 (emphasis in original).

Considering the above-quoted statutory language, the trial court made the following finding:

We further find that [Appellant] has a sufficient financial ability to support [his mother], the indigent person. Specifically, the Act indicates at Section (a)(1)(ii) that the Child of the indigent

1. Although Appellant filed his notice of appeal on February 11, 2011, following the trial court's denial of his post-trial motions, the appeal properly lies from entry of final judgment in this matter. Appellant's appeal was perfected when the trial court entered final judgment on April 13, 2011. *See* Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.") We have changed the caption accordingly.

2. The requirements of Pennsylvania Rule of Appellate Procedure 1925 have been satisfied in this matter.

person has a responsibility to care for and maintain or financially assist an indigent person. Section (a)(2)(i) indicates that the first paragraph does not apply if an individual does not have sufficient financial ability to support the indigent person. Set forth in this fashion, the Act appears to place the burden on the individual to establish that [he does] not have sufficient financial ability to support the indigent person. [Appellant] has not done that. His testimony was very general and he provided insufficient documentation. For example, he did not provide a specific statement as to all of his finances, income, expenses, assets, liabilities and things of this nature. This, together with his very general responses to questioning, causes the [trial court] to find him of low credibility and, therefore, we find none of his testimony to be truthful.

N.T., 8/31/2010, at 2–3.

■ Based upon the above finding, Appellant argues that in construing Section 4603, the trial court improperly placed the burden upon him to affirmatively prove his inability to financially support his mother. Appellant's Brief at 9–13. Rather, Appellant argues that, pursuant to a plain reading of Section 4603, it was HCR's burden to prove that Appellant has the ability to pay for his indigent mother, not his burden to prove his inability to pay. *Id.* at 12–13. According to Appellant, "[b]y placing the burden on [Appellant] to prove 'his inability' to support his 'indigent' mother, the trial court committed a clear error of law warranting a reversal of the trial court's decision, and remand for a new trial with the appropriate burden being placed on HCR to prove … [Appellant's] financial wherewithal to support his 'indigent' mother." *Id.* at 13.

HCR does not dispute that pursuant to Section 4603, it was obligated to establish Appellant's ability to pay for his indigent mother's expenses. HCR's Brief at 5 ("[T]he plain language of the statute squarely places the burden of establishing the financial ability of [Appellant] to support [his mother] upon [HCR].") HCR maintains, however, that even accepting that burden, the record establishes that it provided sufficient evidence to establish Appellant's ability to support his indigent mother. *Id.* at 6–7.

We agree with both parties that pursuant to the plain language of Section 4603, HCR, as movant, had the burden to establish Appellant's "financial ability to support" his indigent mother. *See* 23 Pa. C.S.A. § 4603. Indeed, Paragraph (a)(2)(i) of Section 4603, the clause relieving an individual of liability if he or she is unable to afford it, is contained within the main body of subsection (a) which sets forth how a movant establishes liability. *Id.* Therefore, we read the elements of Paragraph (a)(2)(i) as the movant's burden, not the burden of the individual opposing responsibility for care. Indeed, if the statute were written in a way so as to place the burden of proving an inability to pay upon Appellant, then Paragraph (a)(2)(i) would have been written as a **defense** to a claim, not as a substantive component of HCR's affirmative claim.

■ As a result, we next consider HCR's claim that, even accepting that it had the burden to prove Appellant's financial ability to support his mother, HCR presented sufficient evidence to meet that burden. In support of this claim, HCR points out that it presented Appellant's 2005, 2006, 2007, and 2008 individual and "S" corporation joint tax returns, and bank account statements. In addition, HCR elicited testimony from Appellant that his net income was in excess of $85,000.00, and that he had recently paid-off a tax lien by making monthly payments of $1,100.00.

Considering all of the above, we hold that HCR fulfilled its burden to present sufficient evidence that Appellant has "sufficient financial ability to support [his] indigent [mother]." *See* 23 Pa.C.S.A. § 4603. Indeed, at trial Appellant did not dispute the above evidence, but instead testified that he could not financially support his mother because of other bills. Appellant, however, failed to substantiate those other bills, and ultimately the trial court found his testimony lacked credibility. Considering that credibility determinations are for the discretion of the finder of fact (in this case the trial court), we do not find fault in the trial court's acceptance of HCR's evidence over that of Appellant's. *Ty–Button Tie, Inc. v. Kincel & Co., Ltd.,* 814 A.2d 685, 693 (Pa.Super.2002) ("It is well-settled that credibility determinations are for the fact-finder, which is entitled to believe all, part or none of the evidence presented. It is also clear that a new trial will not be awarded merely because the evidence is conflicting, and the jury could have decided either way.") (citation omitted). Consequently, though Appellant is correct that it was HCR's burden to establish his ability to support his mother, we hold that HCR met its burden. As a result, Appellant's first request for a new trial is without merit.

■ Appellant's second issue on appeal claims that the trial court abused its discretion in refusing to consider alternative sources of income available to his mother before finding Appellant liable to HCR. Appellant's Brief at 13–15. According to Appellant, before finding him liable, the trial court was obligated to consider income sources such as his mother's husband, her two other grown children, and her application for medical assistance that was pending on appeal at the time. *Id.* at 13. Failure to consider those other sources of income, Appellant argues, re-

sulted in an abuse of discretion. *Id.* Additionally, Appellant argues that, at the very least, determination of this filial matter was premature and should have been stayed pending disposition of his mother's appeal for medical assistance. *Id.* at 14–15.

Appellant's argument, however, disregards the plain language of Section 4603. Nothing in that statute requires a movant or a court to consider other sources of income or to stay its determination pending the resolution of a claim for medical assistance. *See* 23 Pa.C.S.A. § 4603. Consequently, we decline to read such requirements into the plain language or legislative intent for the statute. Indeed, while sympathetic with Appellant's obligation to support his mother without the assistance of his mother's husband or her other children, we note that if Appellant had desired to share his support-burden, he was permitted to do so by joining those individuals in this case. However, Appellant took no such action. Furthermore, Appellant admits that if his mother were to win her appeal and receive medical assistance, those funds will be used to relieve him of liability. Appellant's Brief at 13. Consequently, Appellant suffers no prejudice by the resolution of this issue prior to the conclusion of the medical assistance appeal. Therefore, we hold that Appellant's second issue is without merit.

■ Appellant's final issue on appeal claims that HCR presented insufficient evidence for the trial court to find that his mother is "indigent." Appellant's Brief at 15–16. What it means to be "indigent" is not defined within the applicable statute. Therefore, in applying Section 4603, our Courts have applied the common-law definition of indigence. In so doing, we have held that:

the indigent person need not be helpless and in extreme want, so completely des-

titute of property, as to require assistance from the public. Indigent persons are those who do not have sufficient means to pay for their own care and maintenance. "Indigent" includes, but is not limited to, those who are completely destitute and helpless. It also encompasses those persons who have some limited means, but whose means are not sufficient to adequately provide for their maintenance and support.

*Savoy v. Savoy*, 433 Pa.Super. 549, 641 A.2d 596, 599–600 (1994), *quoting Verna v. Verna*, 288 Pa.Super. 511, 432 A.2d 630, 633 (1981).

In this matter, Appellant argues that the only evidence presented to the trial court regarding his mother's financial status was her bank statement and admission sheet when she entered the HCR facility. Appellant's Brief at 16. Such evidence, Appellant argues, did not provide the trial court with sufficient information to conclude that his mother is indigent. *Id.* Consequently, Appellant seeks a reversal of the trial court's determination. *Id.*

HCR disputes Appellant's challenge, arguing that his mother's bank statement established her social security income and her share of her husband's Veteran's Administration benefit. HCR's Brief at 9. The combination of those incomes, HCR explains, results in a monthly income of only $1,000 a month, an insufficient amount to adequately provide for her maintenance and support. Furthermore, based upon her admission sheet, HCR argues that it is aware of no other income or assets available to Appellant's mother. *Id.* Consequently, HCR maintains that it sufficiently established Appellant's mother's indigent status. *Id.*

We agree. Considering the common law definition of indigent, and the evidence within the certified record, we do not believe that the trial court abused its discre-

tion in finding Appellant's mother "indigent" within the meaning of Section 4603. The trial court considered Appellant's mother's sources of income and accurately determined that those sources of income are insufficient to adequately provide for her maintenance and support. Furthermore, while Appellant argues that HCR needed to present "more" evidence of his mother's indigence, we note that Appellant failed to establish that any such evidence exists; if his mother only has one bank statement, what more would Appellant like HCR to present? Indeed, Appellant presents sheer speculation, but no evidence to counter HCR's claims. Consequently, Appellant's argument in opposition does not overcome the evidence presented by HCR. As a result, Appellant's third issue is without merit.

Judgment affirmed.