J.A19038/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LISA C. EPPS AND KELLY MORRISEY, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellees | : | |
| | : | |
| v. | : | |
| | : | |
| ENTERPRISE BANK, | : | |
| | : | |
| Appellant | : | No. 1733 WDA 2013 |

Appeal from the November 22, 2013 Judgment
In the Court of Common Pleas of Allegheny County
Civil Division No(s).: AR 11-008949

BEFORE: BENDER, P.J.E., OLSON, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED APRIL 22, 2015**

Appellant, Enterprise Bank, appeals from the judgment[1] entered in the Allegheny County Court of Common Pleas in the amount of $5,850.00 in favor of Appellees, Lisa C. Epps and Kelly Morrisey. Appellant contends the court erred in (1) finding there was sufficient evidence to establish that it was liable for a stolen vehicle located on its property; (2) awarding damages to Appellee Morrissey; and (3) ruling in favor of Appellees prior to Appellant

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant purported to appeal from the order dated October 8, 2013 denying the motion for post-trial relief. An appeal lies from the entry of judgment, not from the order denying the motion for post-trial relief. Accordingly, we have amended the caption. Pa.R.A.P. 905(a)(5); **see Health Care & Ret. Corp. of Am. v. Pittas**, 46 A.3d 719, 721 n.1 (Pa. Super. 2012).

presenting any evidence. We affirm the judgment as to Appellee Epps. We vacate and remand for the court to enter judgment in favor of Appellee Epps only.

Appellee Epps initially filed a complaint in the Magisterial District Court and judgment was entered on December 13, 2011, in favor of Appellees. Appellant filed an appeal. On January 23, 2012, Appellees filed a *pro se*, handwritten one-paragraph complaint stating as follows:

> My vehicle was at Enterprise property where it was left to be repaired. (Viviandi Motors). After learning of the owners/mechanics passing. The vehicle was still located at the repair shop. We were told enterprise bank foreclosed on property & current owner. The vehicle was stolen from Enterprise property.

Complaint, 1/23/12.[2] Appellant filed preliminary objections in the nature of a demurrer. On March 2, 2012, the court entered a handwritten order stating that Appellees could proceed on the grounds that Appellant "exercised control over the vehicle improperly." Order, 3/2/12. Appellant filed an answer and new matter. An arbitration hearing was held and on September 7, 2012, an award was entered in favor of Appellee Epps only in the amount of $5,000. Appellant timely appealed. A non-jury trial *de novo* was held on September 26, 2013.

---

[2] We reproduced the complaint verbatim.

The facts established at the non-jury trial were as follows: Appellees left Appellee Epps's[3] 1989 Range Rover for repair and service at Viviani Motors by Brian Viviani. N.T., 9/26/13, at 5. Subsequently, Viviani died and Enterprise foreclosed on the property. *Id.* at 6, 9. Joseph Fidler, Esq., counsel for Appellant, explained that Appellant gave a loan to Domenic Petitta[4] secured by mortgages on 4333 Ohio River Boulevard and 4281 Ohio River Boulevard. *Id.* at 11. The loan went into default and Appellant purchased the properties at a sheriff's sale. *Id.* On September 13, 2011, Appellee Morrissey went to the property to inquire about the Range Rover. *Id.* He spoke with Rob Rock, an employee of Kuzneski & Lockard, which manages all foreclosed properties for Appellant. *Id.* at 12, 15, 16. On October 3, 2011, when **Appellees went to retrieve the vehicle, it was not on the property**. *Id.* at 7 (emphasis added).

Rock testified that he was at the property to have the locks changed on December 21, 2010. *Id.* at 33. At that time, there were several vehicles on the property. *Id.* at 34. He "was to understand that the bank had contacted the father of the [deceased] gentleman, and he came, Domenic Petitta, had all the vehicles removed except for the Range Rover." *Id.* Subsequently, he went back to the property and all of the vehicles were

---

[3] Appellees concede Epps is the true owner of the vehicle. Appellees' Brief at 22; N.T. at 6.

[4] Petitta was Viviani's father. N.T. at 34.

gone with the exception of Appellee Epp's Range Rover. *Id.* Rock spoke with Appellee Morrissey and asked him to pick up the vehicle in October. *Id.* at 35. Rock told him the vehicle "could be towed at some time." *Id.* at 36. He "just **couldn't leave it on the property, but [he] hadn't been working diligently on having the car towed.**" *Id.* (emphasis added). Rock never made any arrangements to have the vehicle removed from the property. *Id.* at 37. Rock assumed Appellees filed a police report regarding the vehicle because he was contacted by a police officer. *Id.* at 38.

Brian James Conn testified as follows. He worked for a subsidiary of Appellant, BuildOnUs. *Id.* at 43. He was a construction/building maintenance supervisor. *Id.* at 44. He went to the property to evaluate it and prepare a budget for rehabbing it. *Id.* No one approached him regarding the Range Rover while he was at the property. *Id.* at 46. He never met Appellees. *Id.* Neither he nor any of his four employees moved the vehicle. *Id.* at 47. The back gate to the property was open all the time and the Range Rover was not secured. *Id.* at 48. He never removed the vehicle or authorized anyone to remove it. *Id.* at 52.

Appellees proceeded *pro se* at trial. Appellee Morrissey did not question Conn. Appellee Morrissey stated to the court: "The only one I spoke to was Mr. Rock, so I don't have any questions at all for [him.]" *Id.* at 54.

John Holmes, a site supervisor at BuildOnUs, testified that he never met Appellees. *Id.* at 57. He saw the vehicle on the property. *Id.* at 58. He never moved the vehicle. *Id.* Appellee Morrissey questioned him regarding the condition of the vehicle and its infestation with bees. *Id.* at 59. He testified that he was told to leave the vehicle on the property. *Id.* at 60.

Appellee Morrissey asked the court to recall Rock so he could cross-examine him and the court complied. *Id.* at 61. He testified as follows: Appellee Morrissey had called him on October 3rd and Rock informed him the vehicle was gone. *Id.* at 62. Rock never removed the vehicle. *Id.* His priority was to rehabilitate the real property and not the vehicle on the property. *Id.* at 63.

The court found that Appellant was responsible for the vehicle and the only issue before it was the valuation of the 1989 Range Rover. *Id.* at 66. The trial court entered judgment in favor of Appellees in the amount of $5,850.00. Appellant filed a post-trial motion requesting judgment in its favor notwithstanding the verdict ("JNOV"). Appellant's Mot. for Post Trial Relief Pursuant to Pa.R.C.P. 227.1, 10/3/13, at 8. The trial court denied the motion. Appellant filed a notice of appeal from the denial of the post-trial motions. Judgment was entered on November 22, 2013. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal and the trial court filed a Memorandum in Lieu of Opinion.

Appellant raises the following issues for our review:

A. The Court of Common Pleas erred in finding that the Appellee proffered sufficient evidence, either through testimony or documentation, to establish that the Appellant was liable for an allegedly stolen vehicle located on its property[.]

1. Appellee failed to establish the elements of negligence[.]

i. The Court of Common Pleas ignored uncontroverted facts that the Appellee had notice that the Range Rover was located on Appellant's property and that Appellee was permitted to remove the Range Rover[.]

2. Appellee failed to establish the elements of a bailment.

3. Appellee failed to establish the elements of conversion.

4. The Trial Court violated the "coordinate jurisdiction" rule by ignoring Honorable R. Stanton Wettick's Order of Court dated March 2, 2012 which provided that Appellee may pursue its claim based upon Appellant exercising control over the vehicle improperly.

B. The Court of Common Pleas erred in finding damages in favor of Kelly Morrissey, a party to the action, but not the owner of the vehicle[.]

C. The Court of Common Pleas abused its discretion when it ruled in favor of Appellee prior to Appellant presenting any testimony or documentation in support of its defenses[.]

Appellant's Brief at 5.

As a prefatory matter, we consider whether Appellant has waived its sufficiency of the evidence claims. Appellant prefaced its statement of errors

J. A19038/14

complained of on appeal with the following statement pursuant to

Pennsylvania Rule of Appellate Procedure 1925(b)(4)(vi).

> [Appellant] cannot readily discern the ultimate basis for
> the Judge's determination due to the fact that it is unclear
> as to what theory of liability the Court of Common Pleas
> held [Appellant] liable.  As a result, while [Appellant]
> attempts to be as concise as possible, some of the
> statements are more general.  [Appellant] respectfully
> requests that the below Statements of Error not be found
> to be waived on the grounds that they may be presented
> in general terms.

Appellant's Statement of Errors Complained of on Appeal Pursuant to

Pa.R.A.P. 1925, 11/18/13, at 1.

Appellant raised the following issue, *inter alia*, in the Rule 1925(b)

statement:[5]  "Whether the court of Common Pleas erred in finding that

---

[5] We note Appellant's Rule 1925(b) statement contained eight issues, some of which have not been addressed in its statement of questions involved or in the argument section of Appellant's brief.  This Court has stated:

> We note that [the a]ppellant's eleven-page Rule 1925(b)
> statement of errors contains issues that it did not address
> in its statement of questions involved or in the body of its
> brief, including a statute of limitations claim.  Because [the
> a]ppellant has **abandoned** these issues on appeal, we will
> not address them.  **See** Pa.R.A.P. 2116(a) ("No question
> will be considered unless it is stated in the statement of
> questions involved or is fairly suggested thereby"); **see
> also** Pa.R.A.P. 2119; **In re Jacobs**, 936 A.2d 1156, 1167
> (Pa. Super. 2007) (issue is waived for purposes of
> appellate review when an appellant does not develop it in
> brief).

**Gurley v. Janssen Pharmaceuticals, Inc.**, ___ A.3d ___, ___, 2015 WL 1135894 at *2 n.11 (Pa. Super. 2015) (emphasis added and some citations omitted).

[Appellees] proffered sufficient evidence, either through testimony or documentation, to establish that [Appellant] was liable for an allegedly stolen vehicle located on its property under causes of action for negligence, bailment or conversion." *Id.*

Pennsylvania Rule of Appellate Procedure 1925(b)(4)(vi) provides:

> If the appellant in a civil case cannot readily discern the basis for the judge's decision, the appellant shall preface the Statement with an explanation as to why the Statement has identified the errors in only general terms. In such a case, **the generality of the Statement will not be grounds for finding waiver**.

Pa.R.A.P. 1925(b)(4)(vi) (emphasis added). Accordingly, we decline to find the issue of the sufficiency of the evidence waived. *See id.*

Appellant argues the evidence was insufficient to establish the elements of conversion because Appellees have failed to establish that Appellant exercised dominion or control over the vehicle. Appellant's Brief at 26. We find no relief is due.

In *Lanning v. West*, 803 A.2d 753 (Pa. Super. 2002), this Court opined:

> Initially, we note that [the appellant] raises her sufficiency of the evidence claim within the context of an appeal from a denial of a motion for judgment N.O.V. Where the evidence is insufficient to sustain the verdict or decision of the trial court, the remedy granted in civil cases is a judgment notwithstanding the verdict. We will thus address [the appellant's] sufficiency of the evidence claim in the context of her appeal from the denial of her motion for [JNOV. The appellant] contends [JNOV] was proper because [the appellee] had not provided sufficient

evidence for the court to find a conversion of property . . . .

***Id.*** at 759 (citations omitted).

"A sufficiency analysis, whether in the context of an appeal from the granting of judgment n.o.v. or compulsory non-suit, must begin by accepting the credibility and reliability of all evidence, viewed in the light most favorable to the verdict winner regardless of whether the appellant thinks that the evidence was believable." ***Morin v. Brassington***, 871 A.2d 844, 851 (Pa. Super. 2005).

Our review is governed by the following principles.

> In reviewing a trial court's decision whether or not to grant judgment in favor of one of the parties, we must consider the evidence, together with all favorable inferences drawn therefrom, in a light most favorable to the verdict winner. Our standard of review when considering motions for a directed verdict and judgment notwithstanding the verdict are identical. We will reverse a trial court's grant or denial of a judgment notwithstanding the verdict only when we find an abuse of discretion or an error of law that controlled the outcome of the case.

***Mahan v. Am-Gard, Inc.***, 841 A.2d 1052, 1058 (Pa. Super. 2003) (citation omitted).

> This Court has stated the following with regard to the tort of conversion:
>
> The classic definition of conversion under Pennsylvania law is "the deprivation of another's right of property in, or use or possession of, a chattel, or other interference therewith, without the owner's consent and without lawful justification." Although the exercise of control over the chattel must be intentional, **the tort of conversion does**

> **not rest on proof of specific intent to commit a wrong**. . . . **See Bank of Landisburg v. Burruss**, [524 A.2d 896, 899 (Pa. Super. 1987]) ("Ordinarily, there is no inconsistency between finding that a defendant acted in good faith and finding that he is a converter.")

**HRANEC Sheet Metal, Inc. v. Metalico Pittsburgh, Inc.**, 107 A.3d 114, 119 (Pa. Super. 2014) (citations omitted and emphasis added). "Moreover, a demand and refusal is an essential element of [a] claim for conversion." **PTSI, Inc. v. Haley**, 71 A.3d 304, 313 (Pa. Super. 2013)(citing **Norriton East Realty Corp. v. Cent.-Penn Nat'l. Bank**, 254 A.2d 637, 638 (Pa. 1969)).

Instantly, Appellant was going to have Epp's vehicle towed. It is undisputed that when Appellees went to pick up the vehicle it was not on the Appellant's property. Appellee Epp's has been deprived of her property without her consent. **See HRANEC Sheet Metal**, 107 A.2d at 119. We find sufficient evidence for a claim of conversion.[6] **See id.**; **Mahan v. Am-Gard, Inc.**, 841 A.2d at 1058.[7]

Next, Appellant contends the trial court violated the coordinate jurisdiction rule by ignoring the prior order of March 2, 2012 in the arbitration on appeal from the decision of the magisterial district justice.

---

[6] "We are not bound by the trial court's rationale, and may affirm its ruling on any basis." **The Brickman Group, Ltd. v. CGU Ins. Co.**, 865 A.2d 918, 928 (Pa. Super. 2004).

[7] Given our resolution of this issue, we need not address Appellant's remaining sufficiency of the evidence claims.

The order provided that Appellees could pursue their claim at the arbitration based upon the theory that Appellant "exercised control over the vehicle improperly." Appellant's Brief at 29. We find no relief is due.

The Uniform Arbitration Act provides for compulsory arbitration and states in pertinent part:

> **(a) General rule.**—Except as provided in subsection (b), when prescribed by general rule or rule of court such civil matters or issues therein as shall be specified by rule shall first be submitted to and heard by a board of three members of the bar of the court.
>
> **(b) Limitations.**—No matter shall be referred under subsection (a):
>
> (1) which involves title to real property; or
>
> *    *    *
>
> (2) where the amount in controversy, exclusive of interest and costs, exceeds $50,000.
>
> *    *    *
>
> **(d) Appeal for trial *de novo*.**—Any party to a matter shall have the right to appeal for trial *de novo* in the court. The party who takes the appeal shall pay such amount or proportion of fees and costs and shall comply with such other procedures as shall be prescribed by general rules. . . .

42 Pa.C.S. § 7361(a), (b)(1)-(2), (d).

Pennsylvania Rule of Civil Procedure 1311 provides:

> (a) The trial shall be *de novo*.
>
> (b) An arbitrator may **not** be called to testify as to what transpired before the arbitrators.

- 11 -

Pa.R.C.P. 1311 (emphasis added). The comment to the rule provides, *inter alia*, as follows:

> The Rules make no change in the unlimited right to trial *de novo*, even if it is charged that a defendant abused the hearing by using it for discovery and without calling any witnesses. The Supreme Court, in **Weber v. Lynch**, [ ] 375 A.2d 1278 ([Pa.] 1977), affirming [ ] 346 A.2d 363 ([Pa. Super.] 1975), foreclosed consideration of the matter, holding that the right to trial *de novo* includes the right "to proceed to trial with no evidentiary limitations." Allegheny County Rule 303 J, which had contained a limiting provision, was invalidated. The repetition by the legislature in the Judicial Code of the *de novo* trial provision of the Act of 1836 would indicate a legislative approval of the **Weber** decision.

**Id.** *cmt.*

In **Weber**, this Court opined:

> [A]n appeal from compulsory arbitration is tried *de novo* before the court and jury and plaintiffs are free to present such evidence as they may have **whether it was presented before the arbitrators or not**.
>
> It is clear that Rule 303J, in limiting the scope and content of the subsequent trial, does not permit the '**full consideration of the case anew**,' **which a trial *de novo* requires**.

**Weber v. Lynch**, 346 A.2d 363, 365-66 (Pa. Super. 1975) (emphases added).

Our Supreme Court has stated:

> One of the distinct rules that are encompassed within the "law of the case" doctrine is the coordinate jurisdiction rule. Generally, the coordinate jurisdiction rule commands that upon transfer of a matter between trial judges of coordinate jurisdiction, a transferee trial judge may not alter resolution of a legal question previously decided by a

transferor trial judge. More simply stated, judges of coordinate jurisdiction should not overrule each other's decisions.

***Zane v. Friends Hosp.***, 836 A.2d 25, 29 (Pa. 2003) (footnote and citations omitted). The instant case was not transferred between trial judges within the same court. It was a trial *de novo*. ***See*** 42 Pa.C.S. § 7361(d). Therefore, the coordinate jurisdiction rule is not applicable. ***See Zane***, 836 A.2d at 29.

Next, Appellant avers the trial court erred in finding damages in favor of Appellee, Morrissey, a party to the action, but not the owner of the vehicle. Appellant's Brief at 32. We need not address this issue because "Appellee does not dispute this assertion and would concede that **the judgment should have only been entered in favor of Appellee Epps**." Appellee's Brief at 22. We find the trial court erred in entering judgment in favor of Appellee Morrissey.

Lastly, Appellant claims the court abused its discretion when it ruled in favor of Appellees prior to Appellant presenting any testimony or documentation in support of its defenses. Appellant's Brief at 33. As a prefatory matter, we consider whether Appellant has waived this issue.

On appeal, Appellant fails to cite to the place in the record where this claim was preserved before the trial court. ***See*** Pa.R.A.P. 2117(c) (requiring statement of case to specify state of proceedings at which issue sought to be reviewed on appeal was raised), 2119(e) (requiring same of argument

section of appellate brief); ***McNeil v. Owens-Corning Fiberglas Corp.***, 680 A.2d 1145, 1149 (Pa. 1996).

This Court has stated:

> The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities. This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority. Failure to cite relevant legal authority constitutes waiver of the claim on appeal.

***In re Estate of Whitley***, 50 A.3d 203, 209 (Pa. Super. 2012) (quotation marks and citations omitted), *appeal denied*, 69 A.3d 603 (Pa. 2013).

Instantly, Appellant does not cite to the place in the record where the claim was raised before the trial court. Appellant's argument is devoid of any citation to legal authority. Therefore, we find the issue waived. ***See*** Pa.R.A.P. 2117(c); 2119(e); ***In re Whitley***, 50 A.3d at 209.

We affirm the judgment as to Appellee Epps. We vacate and remand for the court to enter judgment in favor of Appellee Epps only.

Case remanded with instructions. Jurisdiction relinquished.

President Judge Emeritus Bender joins the memorandum.

Judge Olson concurs in the result.


Judgment Entered.

_____

J. A19038/14

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/22/2015</u>